## McFadden *versus* Johnson.

| 72 | 335 |
|---|---|
| 130 | 609 |
| 72 | 335 |
| 29 SC | 175 |
| 72 | 335 |
| 218 | 231 |
| 218 | 232 |
| 219 | ²35, |
| 72 | 335 |
| f220 | ²498 |

1. The plaintiff was owner of land through which a railroad was constructed; without receiving damages she sold the land; the company afterwards settled with the purchaser and paid him the damages. *Held*, That she could recover the amount from him.

2. The damages were a personal claim of the owner when the injury occurred; they did not run with the land, nor pass by the deed, although not reserved.

3. Schuylkill Nav. Co. *v.* Decker, 2 Watts 343, followed.

November 12th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county :* Of October and November Term 1872, No. 109.

This was an action of assumpsit, brought to December Term 1869, by Eliza McFadden against Henry C. Johnson.

The statement of the plaintiff's claim was substantially as follows :—

She was owner of a tract of land in Crawford county, through which the Pittsburg and Erie Railroad Company, in the year 1856, had constructed their road, and had thereby damaged her said tract of land; in the month of March 1857, she contracted to sell her land to John Scott, and Scott assigned his contract to the defendant; afterwards the Atlantic and Great Western Railway Company succeeded to the franchises and liabilities of the Pittsburg and Erie Railroad Company. The defendant afterwards, in 1862, effected a settlement with the Atlantic and Great Western Railway Company for the damages done to the land previously to the sale to Scott, for which he, the defendant, received from the company $625; afterwards, without informing the plaintiff that he had received the damages, he received a deed from her, having paid all the purchase-money except $263.63.

The plaintiff's claim was for the damages and the unpaid purchase-money.

The case was tried May 1st 1872, before Collier, J.

The plaintiff proved the allegations set out in her claim, as regards the sale to Scott, his transfer to the defendant, and execution and delivery of a deed to him. A. W. Mumford, who had been a director and one of the committee on land damages in the Atlantic and Great Western Railway Company, testified that he had examined the plaintiff's land before that company took possession of it; it was badly cut, owing to the line of curving; the cutting was 30 feet deep, and the embankment at the lowest point 25 feet. He gave further details as to the injury done to the farm.

There was other evidence showing that the damages had accrued to the land before the plaintiff sold it.

It was admitted by defendant that he had settled with the At-

lantic and Great Western Railway Company for the damages, and received from them $625.

The court charged :—

" We think that under all the evidence in the case the plaintiff cannot recover, except as to the amount admitted to be due, to wit: the sum of $263.63, and so direct you to find."

The verdict was for the plaintiff for $263.63.   She took a writ of error, and assigned the charge for error.

*Stoner & Patterson* and *A. M. Brown*, for plaintiff in error.

*G. W. De Camp*, for defendant in error.

The opinion of the court was delivered, January 6th 1873, by

Agnew, J.—The court below charged the jury that on all the evidence the plaintiff was not entitled to recover, except for the admitted balance of purchase-money unpaid by the defendant. This was an error, the plaintiff having shown that she was the owner of the farm when the railroad company entered upon it, and made the cutting and filling for the railroad track, for which she claimed damages ; and that this injury was done by the Pittsburg and Erie Railroad Company before the road passed into the hands of the Atlantic and Great Western Railroad Company. The facts are clearly proved by a number of witnesses ; among them was Mr. Mumford, a land surveyor, and a director of the Atlantic and Great Western Railroad Company, who, as a member of a committee to settle for damages and the right of way, had examined the ground.   He testifies distinctly to the profile of the road through the cut and fill, the former thirty feet deep, and the latter twenty-five feet high, at their lowest and highest points respectively.   This profile he testified showed the condition of the farm after the grading was done, and that it was the condition in which the Atlantic and Great Western Company took the road. The proof is equally clear that Johnston, the defendant, settled with the company, and received the damages, and this settlement comprised all that had been done upon this farm.   The cause seems to have been tried and decided upon the principle that unless Mrs. McFadden *reserved* her right to the damages they passed by her sale of the farm to John Scott, who testifies that she did not reserve her right at the time of her sale to him, and that he also did not reserve the right at the time of his sale to Johnston.   This was a manifest error ; the reverse being true that the damages did not pass either by the article or the deed, unless expressly conveyed.   The damages for the injury done to the land while Mrs. McFadden was the owner, were clearly a personal claim, which did not run with the land.   If the company entered unlawfully, the entry and work done upon the land were a tres-

[McFadden v. Johnson.]

pass, and the right to recover damages could be enforced by a common-law action. If the entry were lawful, the company acquired a right, for which the damages (so called) are a compensation, enforceable in the statutory mode given to assess it: McClinton v. R. R. Co., 16 P. F. Smith 409. In either case,—quacumque via data,—therefore the right is personal, belonging to the owner of the land when the entry and injury took place, and could pass only by her assignment. In Schuylkill Navigation Co. v. Decker, 2 Watts 343, the very point is decided, that the damages do not pass by the deed; Chief Justice Gibson saying: "To the parties proposed to be made defendants it is a decisive objection that they have not title to the damages, which being in compensation of an injury in the nature of a trespass, could not pass by a conveyance of the land." The same principle will be found to be asserted and sustained in the following cases: Hart v. Kucher, 5 S. & R. 1; Commonwealth v. Shepard, 3 Penna. R. 509; Reese v. Addams, 16 S. & R. 40. Instead, therefore, of holding Mrs. McFadden to proof of a reservation of her claim to the damages, the defendant, Johnson, was bound to show that she had parted with her rights which had become vested in him. Neither the articles with Scott, nor the deed to Johnson is exhibited; but it is to be presumed, if either contained a transfer, it would have been noticed.

Judgment reversed, and a *venire facias de novo* awarded.