CHARLES H. HEIMBURG, Appellant, *v.* THE MANHATTAN RAILWAY COMPANY et al., Respondents, Impleaded with Another.

1. ELEVATED RAILROADS — CONSENT OF ABUTTING OWNER AS AN ESTOPPEL. The written consent of a mere abutting owner to the construction and operation of an elevated railroad in the street in front of his premises is a complete answer to his subsequent action in equity to restrain the operation of the road, and where the trial court, ignoring the consent, awards him damages and the usual injunction, a judgment of reversal below must be affirmed in the Court of Appeals.

2. APPEAL — CHANGE OF POSITION NOT PERMISSIBLE. Where the owner has claimed upon the trial that the written paper was insufficient as a consent, he cannot, after a judgment in his favor has been reversed below, change his position and ask the Court of Appeals to examine the evidence in order that it may find some fact to overcome the paper or answer the decision of reversal.

3. CONSENT — NOT IMPAIRED BY REFUSAL OF NECESSARY NUMBER OF OWNERS. Where the road has been constructed and is in operation, an abutting owner, who consented to the construction thereof, cannot maintain an action to restrain the operation thereof on the ground that the corporation was forced to procure from the General Term consent to construct for the reason that the necessary number of owners would not consent, as the consents are good as far as they go, and the corporation has a right to insist upon every authority which it had for the construction of the road.

*Heimburg* v: *Manhattan Ry. Co.*, 19 App. Div. 179, affirmed.

(Argued February 6, 1900; decided March 27, 1900.)

APPEAL from a judgment and order of the Appellate Division of the Supreme Court in the first judicial department, entered July 1, 1897, reversing a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry A. Forster* and *John A. Weekes, Jr.*, for appellant. The reversal of the judgment and the dismissal of the complaint can only be sustained on the ground that the case

involved nothing but a pure question of law; if any question of fact was involved, or might possibly be involved on a new trial, or if conflicting inferences arise from the uncontradicted parol testimony, the Appellate Division had no power to reverse the judgment and award judgment absolute against the party who prevailed in the lower court. (*Heller* v. *Cohen*, 154 N. Y. 299; *Benedict* v. *Arnoux*, 154 N. Y. 715; Code Civ. Pro. § 1338; *Bomeisler* v. *Forster*, 154 N. Y. 229; *Snyder* v. *Seaman*, 157 N. Y. 449; *Cudahy* v. *Rhinehart*, 133 N. Y. 248.) The fact that the plaintiff wrote at the end of a statutory consent to the construction and operation of the elevated railroad the words: "If the road must be on Third avenue, I prefer the middle," and then signed the underwriting in reliance on false representations, is not a defense to this action. (*Koehler* v. *N. Y. E. R. R. Co.*, 9 App. Div. 450; 159 N. Y. 221; *Matter of N. Y. E. R. R. Co.*, 70 N. Y. 327; L. 1875, ch. 606, § 4; *Roberts* v. *N. Y. E. R. R. Co.*, 155 N. Y. 32; *Haviland* v. *Willets*, 141 N. Y. 35, 50, 51; 1 Story Eq. Juris. [13th ed.] §§ 121, 122; Kerr on Fraud & Mistake, 400, 401; *Hunt* v. *Rousmanier*, 8 Wheat, 214, 215; 2 Pom. Eq. Juris. [2d ed.] 1166, 1168, § 842, note; *Wheeler* v. *Smith*, 9 How. 55; *Lansdowne* v. *Lansdowne*, 2 J. & W. 205; *Busch* v. *Busch*, 12 Daly, 476; 102 N. Y. 672; *Cooper* v. *Phibbs*, L. R. [2 H. L.] 149; *Earl Beauchamp* v. *Winn*, L. R. [6 H. L.] 223; 7 Am. & Eng. Ency. of Law, 17; 1 Beach Mod. Eq. Juris. 41.)

*William H. Godden* and *Julien T. Davies* for respondents. The plaintiff and his grantee are precluded from maintaining this action by reason of Heimburg's written consent to the construction and operation of the defendants' elevated railway in Third avenue, in front of the premises in suit. (*White* v. *M. Ry. Co.*, 139 N. Y. 19; *Foote* v. *M. Ry. Co.*, 147 N. Y. 370; *Herzog* v. *N. Y. E. R. R. Co.*, 76 Hun, 486; 151 N. Y. 665; *Snell* v. *Leavitt*, 110 N. Y. 595; *King* v. *Murphy*, 140 Mass. 254; *Steere* v. *Tiffany*, 13 R. I. 568; *Curtis* v. *Noonan*, 10 Allen, 406; *Cartwright* v. *Maplesden*, 53 N. Y.

45

622; *White's Bank* v. *Nichols*, 64 N. Y. 65.) There is no element of fraud or misrepresentation present in the case to impair or vitiate the consent in question. (*Kain* v. *Larkin*, 131 N. Y. 300; *Morris* v. *Talcott*, 96 N. Y. 100; *C. Nat. Bank* v. *Koehler*, 17 N. Y. S. R. 23; 117 N. Y. 657; 1 Beach Mod. Eq. Juris. 72, 73; *Lavisarr* v. *Washburn*, 50 Wis. 200; *Marksbury* v. *Taylor*, 10 Bush, 519; *Chapman* v. *Rose*, 56 N. Y. 141; *Nat. E. Bank* v. *Veneman*, 43 Hun, 241; *N. A. & S. R. R. Co.* v. *Fields*, 10 Ind. 187; *Thornberg* v. *N. & D. R. Co.*, 14 Ind. 499; *Hendrick* v. *Toole*, 29 Mich. 340.)

O'Brien, J. The trial court awarded to the plaintiff the usual judgment in cases of this character, namely, an injunction to restrain the operation of the railway in the street in front of the plaintiff's premises and damages. The railway was constructed and is operated pursuant to legislative and municipal authority and, hence, it was incumbent upon the plaintiff to show that some of his property rights have been invaded by the defendants. His claim was that the easements of light, air and access appurtenant to his premises had been wrongfully taken, appropriated or impaired by the defendants in the construction and operation of the railway, since all that was done without his consent, and the trial court so found. But the learned court below upon appeal has reversed the judgment and dismissed the complaint evidently upon the ground that the finding at the trial that the railway was constructed and is operated without the plaintiff's consent was not only without evidence to sustain it, but was against the conceded facts of the case as disclosed by the record.

It is admitted that in October, 1875, the plaintiff executed and delivered an instrument in writing which appears in the record, which, in terms, expresses his consent to the construction and operation of the railway in front of his premises which are involved in this action. If this paper is to be given the legal effect which it was intended to have, then it is very plain that the defendants have done nothing that the plaintiff did not consent to, and, hence, it cannot be said that there was any

illegal invasion of the plaintiff's property rights. The find-
ing of the trial court, that the railway was constructed and is
now operated without the plaintiff's consent, is the sole founda-
tion upon which the plaintiff's action rests. If the plaintiff did
consent, then he has no cause of action either at law or in
equity. The plaintiff had no title to any part of the street
in front of his property. He was a mere abutter, and his
written consent that the railway might be constructed and
operated in front of his property is a complete answer to a
suit in equity in his behalf or in behalf of his grantee to
restrain the operation of the road, and so this court has held
even where the party bringing the suit owned the fee of the
street when the consent was given. (*Herzog* v. *N. Y. E. R.
R. Co.*, 76 Hun, 486; affd., 151 N. Y. 665, on opinion below;
*White* v. *M. R. Co.*, 139 N. Y. 19.)

The learned counsel for the plaintiff has not been able to
point out any legal error in the decision of the court below
reversing the judgment of the trial court, which ignored the
paper entirely and held virtually that the plaintiff's consent
was no bar to the action. He insists now upon two proposi-
tions of fact, neither of which has been found in his favor.
(1) That the consent has not been acted upon by the defend-
ants; and (2) that in some way it is infected with fraud,
duress or mistake. It would be quite sufficient to say in
answer to these objections that they were not raised or dis-
cussed at the trial. The consent and all questions growing
out of it were wholly ignored at the trial, not only by the
court but by the plaintiff's counsel as well. He cannot now
ask this court, after a reversal of the judgment upon appeal,
on the ground that the writing constitutes a defense, to
examine the evidence in order to find some fact to overcome
the paper or to answer the decision below. His position at
the trial was that the paper was insufficient as a consent, and
that position he must maintain now. (*Martin* v. *Home Bank*,
160 N. Y. 199.)

But quite apart from any question of practice, it is quite
obvious that even if the learned counsel for the plaintiff had

brought the circumstances to the attention of the trial court, the result would have been the same as it is now. The only proof upon which he bases the assertion that the defendants did not act upon the consent is the order of the General Term that the road should be constructed, made upon an application by the company, showing that the consent of the necessary number of property owners had not been procured. But the consents were good as far as they went, since the company to which they were given did in fact construct the road and put it in operation. It has the right now to insist upon every authority that it had, whether procured from the legislature, the municipality, the courts or the property owners, and it is not open to the plaintiff to invoke the power of a court of equity to restrain the operation of the road on the ground that, though he consented, yet the railway would have been constructed without it. Moreover, we cannot say that in the absence of the consents of parties owning a very large portion of the property on the line of the road the court would have made the order at all. The suggestion that the paper was the result of fraud or mistake is not supported by any evidence whatever. The plaintiff inserted in the paper before his signature these words: "If the road must be on 3d Avenue, I prefer the middle." If that is to be treated as a condition, which is the most favorable view for the plaintiff, then it is undisputed that it was complied with by the company in the construction of the road. There is no legal error in the decision below that would warrant this court in interfering with the judgment, and it must, therefore, be affirmed, with costs.

GRAY, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., not sitting.

Judgment and order affirmed.