## Linton v. Armstrong Water Company, Appellant.

*Water companies—Injuries to land—Laying water pipes—Damages.*

In an action of trespass against a water company to recover damages for depreciation in the value of land caused by the laying of permanent water pipes, the measure of damages is the difference in value of the land before and after the water company dug the ditch and laid the pipes.

Such damages do not follow a conveyance of the land, but they may be assigned by the original owner to the purchaser of the land.

Argued May 8, 1905. Appeal, No. 204, April T., 1905, by defendant, from judgment of C. P. Armstrong Co., March T., 1899, No. 79, on verdict for plaintiff in case of Phoebe R. E. E. Linton et al. to use of Margaret A. Brown, Administratrix of Robert L. Brown, deceased, v. Armstrong Water Company. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover injuries to land, caused by laying a water pipe. WHITE, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were various instructions.

*M. F. Leason* and *C. E. Harrington*, for appellant.—It is a well-known principal of law that an unlawful entry upon land by corporation or individual is presumed to be tortious. We think the action of the court in declaring as a matter of law that the entry was presumed to be in exercise of the right of eminent domain was error. The ordinary rule of common-law damages where nothing is taken, in an action of trespass, is applicable: Lentz v. Carnegie, 145 Pa. 612; Thompson v. Traction Co., 181 Pa. 131; Lynch v. Troxell, 207 Pa. 162; Eshleman v. Martic Twp., 152 Pa. 68.

A conveyance of the land, with its appurtenances, does not convey to the vendee a right of action for injuries previously committed on the land: Zimmerman v. Union Canal Co., 1 W. & S. 346; Warrell v. R. R. Co., 130 Pa. 600; Marsh v. R. R. Co., 204 Pa. 229 ; Sibbald's Est., 18 Pa. 249.

*R. A. McCullough*, of *McCullough & Heilman*, with him *H. L. Golden* and *Orr Buffington*, for appellee.—This case was tried as to the measure of damages squarely upon the authority of Hankey v. Philadelphia Company, 5 Pa. Superior Ct. 148. It was the judgment of the learned court below that the rule laid down in that case by this court was not only binding upon the lower court, but that it was supported by the Supreme Court in Pittsburg and Lake Erie Railroad v. Jones, 111 Pa. 204, and other applicable rulings of the two appellate courts: Standard Plate Glass Co. v. Butler Water Co., 5 Pa. Superior Ct. 563.

OPINION BY HENDERSON, J., October 9, 1905:

The verdict of the jury established the fact that the defendant had entered upon the plaintiffs' land and had excavated a ditch in which it laid an intake pipe. Its liability was

thereby fixed. Two questions are raised on the pending ap-
peal, to wit: What is the measure of damages on the facts
established, and was the plaintiffs' claim assignable? The de-
fendant is a corporation organized under the act of 1874. It
became desirable in the judgment of its managers to lay a
pipe from the Allegheny river to a well constructed for the
purpose of receiving water through the pipe. In carrying out
this project, it entered on a lot owned by the plaintiffs and
dug a ditch from twenty-four to thirty-two feet in depth in
which it laid a vitrified tile pipe having a diameter of about
thirty inches. This pipe was replaced in about three years by
an iron pipe laid substantially on the same line. Before the
work of laying the first pipe was completed the plaintiffs sold
the lot to R. L. Brown, and at a later date assigned to him
their right of action growing out of the entry by the defend-
ant. The court instructed the jury that the true measure of
damages was the difference in value of the lot before and
after the defendant dug the ditch and laid the pipe, and of
this instruction the defendant complains. Its allegation at
the trial was that the entry on the defendant's lot was unin-
tentional, that its purpose was to lay the line in an alley
adjoining the lot and that no part of its line was on the
plaintiffs' premises, and that if by mistake the excavation
was made on the lot the injury was a common law tres-
pass, damage for which was only recoverable to the time
of trial. The defendant's contention is that as it did not
designedly occupy the property it cannot be presumed to have
done so under its right of eminent domain, and that there-
fore the measure of damages stated by the court was inap-
plicable. It cannot be doubted, however, that the defend-
ant's structure was permanent in its nature and a material
part of its plant. It formed a conduit through which water
was taken for the supply of the borough of Kittanning. The
plaintiffs were justifiable therefore in considering the pipe
a permanent and continuing servitude on their land, and it
may well be doubted whether after having permitted the
defendant to continue the work without instituting proceed-
ings to stop it they were not estopped from depriving the
company of the easement. The rule for the ascertainment of
damages laid down by the court is not applied exclusively to

the cases where a corporation is invested with the right to take private property for public use. It has been applied in cases of injury to real estate in actions between individuals: Williams v. Fulmer, 151 Pa. 405. The plaintiffs having elected to proceed for the entire damage in one action, a single recovery can be had which is final between the parties: Hankey v. Philadelphia Company, 5 Pa. Superior Ct. 148; Standard Plate Glass Co. v. Butler Water Co., 5 Pa. Superior Ct. 563; Thompson v. Traction Co. 181 Pa. 131.

It is not disputed that the right of action, if any existed was in the plaintiffs, as the title was in them at the time of the entry and comemncement of the work. This right was personal and could pass by assignment: McFadden v. Johnson, 72 Pa. 335. The use plaintiff does not claim by virtue of the conveyance to him of the lot but under the assignment by the plaintiffs of their claim for compensation for the right of way appropriated. The charge of the learned trial judge was full and clear and gave to the jury a correct statement of the law pertinent to the issue tried. It is unnecessary to consider the assignments of error in detail.

The judgment is affirmed.