# Stoops, Appellant, *v.* The Kittanning Telephone Company.

*Real property—Trespass to land—Telephone companies—Telephone poles and wires—Eminent domain—Recovery of damages—Act of June 2, 1891, P. L. 170.*

1. Damages resulting to land owners by the cutting of trees, whether planted by the roadside or on enclosed or unenclosed land adjoining the same, if done in the exercise of the right of eminent domain, are clearly within the express provisions of the Act of June 2, 1891, P. L. 170. In such case an action of trespass will not lie to recover damages, unless there are such circumstances of negligence or wantonness as to make the case exceptional.

2. Where a claim for damages to land is asserted under facts indicating that the original entry upon the land was lawful, the statutory proceeding which requires the appointment of viewers for the assessment of damages must be followed.

3. In an action of trespass to recover damages for injuries to land caused by the erection and maintenance of a telephone line upon a public road adjacent to plaintiff's land, it appeared that plaintiff had taken title to the land alleged to be injured subsequent to the erection of the poles and wires complained of; and that so far as the facts were disclosed by the record the original entry by defendant company was lawful, and it did not appear whether an agreement had been made that no damages would be paid, or whether the damages were then actually settled. There was no assignment by the former owner to the plaintiff. The lower court entered a nonsuit which it subsequently refused to take off. *Held,* no error.

Argued Oct. 9, 1913. Appeal, No. 209, Oct. T., 1913, by plaintiff, from order of C. P. Armstrong Co., Sept. T., 1912, No. 105, entering judgment of nonsuit in case of J. Frank Stoops v. The Kittanning Telephone Company, a corporation. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for injuries to plaintiff's lands caused by maintaining poles and wires upon an adjacent public

road and for cutting plaintiff's trees.   Before PAINTER, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment of nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*R. A. McCullough,* with him *L. S. Roberts,* for appellant.

*R. L. Ralston,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

It is important to keep in mind the situation of the parties at the time this action was brought in order to properly determine the questions raised by the present appeal.   This is an action of trespass for alleged injuries to the land of appellant, caused by maintaining a line of telephone poles and wires upon a public road, and for the cutting of certain trees belonging to appellant, but which it became necessary to remove in order to properly repair and maintain the telephone line.   Appellant took title to the land through which the public road passes in February, 1909, and went into possession in the following April.   The telephone line was originally constructed in 1898 and has been maintained as an additional servitude upon the highway continuously from that time to the present.   It is true that the telephone line was owned and maintained by different persons or companies at different times during this period, but this is immaterial in the consideration of the rights of the parties to the present controversy.   The appellee company purchased the telephone line in 1907 while William Grinder, the predecessor in title of appellant, owned the land upon which the trespass is alleged to have been committed.   Grinder was the owner of the

land when the location of the telephone lines was changed in 1908, and consented to the change of location at that time. Indeed the testimony indicates that he suggested where the line should then be located. It will thus be seen that the original entry was not tortious, but was made with the consent and approval of the owner of the land at that time. When the present owner took title to the land he was charged with notice of the conditions as they then existed on the ground. The telephone line had been constructed for about eleven years, before appellant purchased, and was being maintained and operated when he took possession. The learned court below in the opinion refusing to take off the compulsory nonsuit found as a fact: "There is nothing before us at the present time to indicate whether the defendant company settled for damages with the owners, if any there were, at the time of the erection of the telephone line or at any other time." If the prior owner permitted the construction of the telephone line upon the public highway which passed through his land with an agreement that no damages would be required to be paid, or if the damages were actually settled at that time, no subsequent claim for damages could be asserted either by himself or by his successor in title. Such a claim for damages does not run with the land nor pass by deed without an assignment: McFadden v. Johnson, 72 Pa. 335. It is perfectly clear that in this state of the record appellant failed to establish the necessary facts to sustain a claim for damages in an action of trespass. We do not mean to be understood as saying that he is precluded from asserting a claim for damages during the time he was the owner of the land in a proper proceeding under the power to condemn. But if such a claim is asserted under the facts as shown by the present record, the statutory proceeding which requires the appointment of viewers for the assessment of damages must be followed. Even then his right to recover damages would depend upon several important

facts not disclosed by this record; and much will depend upon the character of the original entry, whether it was lawful or unlawful. For a discussion of the principles which govern in such cases see Wagner v. Purity Water Company, 241 Pa. 333-334. So far as is disclosed by the present record the original entry was lawful, and if this be the fact, the damages resulting therefrom were a personal claim of the owner at the time the injury occurred.

As to the cutting of the trees we fully agree with the learned court below that the Act of June 2, 1891, P. L. 170, applies. Damages resulting to land owners by the cutting of trees whether planted by the roadside or on enclosed or unenclosed land adjoining the same, if done in the exercise of the right of eminent domain, are clearly within the express provisions of this act. We see nothing in this record to show such negligence or wantonness or unnecessary cutting of trees as to make the case exceptional so that an action of trespass might lie. The Act of 1891 provides a complete and adequate remedy for the recovery of damages under the facts of the case at bar and we see no escape from the conclusion reached by the learned court below that there can be no recovery under the present form of action.

Judgment affirmed.