## Beechwood Improvement Co., Ltd., to use, v. City of Farrell

*Brockway, Whitla & McKay,* for plaintiff; *B. H. Marks,* for defendant.

McLAUGHRY, P. J., November 17, 1933.—On May 22, 1933, Booth & Flinn, Ltd., presented a petition to the court under the provisions of the Borough Code of 1927, asking for the appointment of viewers to determine and assess the damages sustained by Beechwood Improvement Company, Ltd., by reason of the taking and appropriating of an 8-foot strip of land on Broadway Street, Farrell, Pa. It is alleged that on February 4, 1920, in accordance with the provisions of the Act of May 14, 1915, P. L. 312, the council for the Borough of Farrell passed an ordinance widening the street known as Broadway, from Negley Street to Staunton Street, by extending the west line of Broadway westwardly 8 feet, the said 8-foot strip of land being the property of Beechwood Improvement Company, Ltd.

It is further alleged that the damages sustained by the said Beechwood Improvement Company, Ltd., were never paid by the said Borough of Farrell, and viewers have never been appointed to ascertain the amount of the damage. It is further set forth that by proper assignment the petitioners, Booth & Flinn, Ltd., have become the owners of all the right, title, interest, and claim of the said Beechwood Improvement Company, Ltd. After the court had appointed viewers

286

as prayed for, the authorities of the City of Farrell, formerly the Borough of Farrell, presented a petition for rule to show cause why the petition for the appointment of viewers should not be stricken from the record.

There seems to be no dispute but that the council of the Borough of Farrell did, in 1920, pass an ordinance widening Broadway Street from the intersection of Staunton Street to Negley Street by extending the west line of Broadway westwardly 8 feet, that this land was owned by Beechwood Improvement Company, Ltd., and that damages for the taking of said 8-foot strip had never been received by Beechwood Improvement Company, Ltd., or by its assignees, Booth & Flinn, Ltd.

It cannot be disputed that when a borough takes private property for public use, it shall make proper compensation, as set forth in the Constitution of Pennsylvania, art. XVI, secs. 6 and 8. The defendant alleges that, inasmuch as about 13 years have transpired since the property was taken, the plaintiff is barred by the statute of limitations. The principal question, then, which we have before us is: Does the statute of limitations bar the right of the plaintiff from petition for viewers? The owner of property taken for public use cannot be deprived of proper compensation because of the lapse of time before presenting a petition for the appointment of viewers, unless there is some statute which provides that the time is limited. We think it unnecessary to cite any cases to sustain this position. If a petitioner brings his petition under some particular statute, and that statute provides that he must present his petition within some specified time, that provision as to time is binding. But in the absence of any such limitation, the constitutional right to compensation is not restricted, except that after a period of 20 years there is a presumption that the damages have been paid.

We are not clear from an examination of the brief filed by counsel for the City of Farrell whether he relies upon the Act of May 23, 1891, P. L. 109, or The General Borough Act of 1927. The Act of 1891 reads as follows:

"Petitions for the assessment of damages for the opening or widening of any street, road or highway, when the damages are not assessed by the view opening the road, may be filed in the court of quarter sessions within the period of six years from the confirmation of a report, or the entry of a decree opening the said street, road or highway, or within six years from the date of notice of the intended opening of the same, under an ordinance or resolution duly passed, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years."

The petition in this case was brought under the Borough Code of 1927, which is a reënactment of the Borough Code of 1915. It is evident from a reading of the Act of 1915 that the Act of 1891, so far as it applies to boroughs, was repealed by that act (ch. XIII, art. I, sec. 1(c)):

"The following acts and parts of acts of assembly are repealed, in so far as they relate to boroughs. . . .

"'An act, entitled "An act to limit the period within which petitions for the assessment of damages for the opening or widening of any street, road or highway, may be filed in the court of quarter sessions," approved the twenty-third day of May, one thousand eight hundred ninety-one'".

Counsel for the City of Farrell has also cited section 1623 of The General Borough Act of 1927. This reads as follows:

"*Petitions for Assessment of Damages.*—Petitions for the assessment of damages for the opening or widening of any road or highway, when the damages are not assessed by the view opening the road, may be filed in the court of quarter sessions, within the period of six years from the confirmation of any report or

the entry of any decree opening such road or highway. All claims shall be barred after the expiration of the period of six years."

We are of the opinion that this section applies only to the widening of roads partly within a borough, and does not apply to the widening of streets wholly within a borough. An examination of the act of assembly, as recorded on page 594 of the pamphlet Laws of 1927, shows that section 1623 is under the heading: "(c) Opening, Widening and Straightening Roads Partly Within a Borough".

It is evident that section 1623 applies only to roads partly within a borough, for the additional reason that this section speaks only of widening a "road or highway", and makes no reference to a street, and also that it makes reference to a procedure in the "court of quarter sessions".

The petition before us is under the provision of the act applying to widening of streets in a borough without petition to council, as set forth in article XVI, and providing that viewers shall be appointed as provided in article XIV. This provides that appointment of viewers is made on application to the court of common pleas. The petition in this case is presented for the appointment of viewers to assess damages to a strip of land taken through the action of the council of the Borough of Farrell. The taking of the ground was not done by any act of the court. Up until the time the petition for appointment of viewers was presented, the proceedings were conducted by council of the Borough of Farrell. It is a procedure entirely for the council, and the court has no part in it. Section 1623, referring to the time when the petition for an assessment of damages may be presented, says that it may be filed "within the period of six years from the confirmation of any report or the entry of any decree opening such road or highway". Reports are confirmed and decrees are made by the court, and not by council. We are clearly of the opinion that section 1623 of the Borough Code has no application to the matter before us where damages are sought for the widening of a street wholly within a borough.

We are of the opinion, therefore, that the Act of 1891 has been repealed so far as it applies to boroughs, and the Act of 1927 contains no statute of limitation applicable to streets wholly within the borough, and that Broadway is a street wholly within the Borough of Farrell.

The defendant also asserts that petitioner is guilty of laches. We can find no law where laches is applicable to eminent domain cases. In the absence of a specific statute of limitation, the presumption is that there is no limitation except the 20-year presumption that it has been paid.

The defendant also has alleged that the right to petition for viewers to assess damages is not assignable, that the right to have damages assessed is personal in the owner of the land. It is true that the courts have held that it does not run with the land, and is personal in that sense. The courts do not take the position that the right is not assignable. We think the law is expressed in the case of Linton v. Armstrong Water Co., 29 Pa. Superior Ct. 172, 175:

"It is not disputed that the right of action, if any existed was in the plaintiffs, as the title was in them at the time of the entry and commencement of the work. This right was personal and could pass by assignment: McFadden v. Johnston, 72 Pa. 335. The use plaintiff does not claim by virtue of the conveyance to him of the lot but under the assignment by the plaintiffs of their claim for compensation for the right of way appropriated."

Another contention is that the petition should be stricken off for failure to allege the lien filed against the property. It seems to be admitted that the land in question was wholly appropriated by the borough in 1920, and the lien therefore was filed against its own land. We see no reason why the petition would

have any reference to this lien, and it certainly would not make any justification for striking off the petition from the records.

## Order

And now, November 17, 1933, this matter came on to be heard on a rule to show cause why the petition for viewers to assess damages should not be stricken from the record and the action dismissed, and was argued by counsel; whereupon, after due consideration, the rule heretofore made is discharged.

From W. G. Barker, Mercer, Pa.