Carlisle Borough v. Fladger, Appellant.

---

[1] Although it is not material, Anthony was employed for a short period after Walter's death, and then entered the army.

Argued March 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Frederick J. Templeton,* with him *Walter G. Groome,* for appellant.

*E. M. Biddle, Jr.,* with him *Guy H. Davies,* Borough Solicitor, for appellee.

OPINION BY BALDRIGE, P. J., April 23, 1945:

The Borough of Carlisle filed a municipal lien to recover the costs of constructing a sidewalk in front of the property of John Fladger, appellant herein. He, in an affidavit of defense to a sci. fa. issued thereunder, denied liability. The facts, upon which the court, sitting without a jury, upheld the validity of the lien, are not disputed.

In 1936 an application was made by the Pennsylvania Department of Highways to the Public Service Commission to remove a track of the Pennsylvania Railroad Company in the Borough of Carlisle, which traversed the entire length of High Street, reconstruct the paving between the curbs and replace a bridge near the south borough line. Florence M. Gardner was then the owner of a property located on the south side of that street. In front of her premises was a brick

sidewalk, which had not been laid in accordance with any borough ordinance or regulation, but apparently conformed to the prevailing grade of the sidewalks laid along East High Street. In pursuance of the order of the Public Service Commission the railroad track was removed and the grade in front of the Gardner property was raised approximately fifteen inches. The borough removed the paving bricks, filled up and leveled the ground. Thereafter pedestrians used a cinder path as a sidewalk until one was laid by the borough.

On October 14, 1940, John Fladger purchased the Gardner property from the heirs of the late owner. Three years thereafter, in 1943, the borough under Ordinance of August 16, 1941, directed him to lay a sidewalk in front of his premises; that he refused to do. The borough thereupon laid a concrete pavement to conform with the new grade. Fladger contends that as there had been a suitable sidewalk, the borough was without authority to compel him to lay, or to pay for the cost of, a new one. He concedes that our decisions uniformly hold that the right to recover damages resulting from a lawful entry upon land under a statutory proceeding, or an unlawful entry in the nature of a trespass, is personal, belonging to the owner of the land when the entry and injury takes place and does not run with the land, or pass by subsequent conveyance, although not specifically reserved: *McFadden v. Johnson*, 72 Pa. 335; *Losch's Appeal*, 109 Pa. 72, 74; *Kaufman v. Pittsburgh*, 248 Pa. 41, 46, 93 A. 779; *Fidelity-Philadelphia Trust Co. v. Kraus et al.*, 325 Pa. 581, 583, 190 A. 874; *Butler County Commissioners' Petition*, 141 Pa. Superior Ct. 597, 15 A. 2d 504.

The appellant contends, however, "that he stepped into the shoes of his predecessor so far as the ownership and the incidents of ownership are concerned;" that his predecessor could not have been forced to put down a new sidewalk and neither can he as successor in title. He places considerable, but unwarranted, re-

liance on *Philadelphia to use, v. Henry*, 161 Pa. 38, 28 A. 946. Henry's sidewalk was destroyed as a result of a street improvement, which included the raising of the grade of the cartway. The court held that where a pavement or a sidewalk in good condition is torn up by a municipality in order to carry out municipal improvements, the property owners could not be charged with the expense of laying the pavement. The important distinguishing feature in that case is that Henry continued in ownership of the property; here Mrs. Gardner's title has passed. Neither in that case, nor in *Wistar v. Philadelphia*, 80 Pa. 505, also cited by the appellant, was there any intimation that a present property owner may set off damages for an injury sustained by the former owner as a defense to a lien for laying a new sidewalk, which, in substance, is the defense here asserted. The Supreme Court in those cases to which we have just referred emphasizes general equity principles and lack of legislative authority for the municipality to act, which here are inapplicable. We are not informed whether Mrs. Gardner, the only person entitled to bring an action against the borough, obtained a judgment, but if she did, undoubtedly, one of the elements of damage recovered was the cost of laying a new pavement. If so, it would be highly inequitable for her, if she were alive and continued to own this property, to claim the city was estopped from compelling her to lay a new pavement after she had been paid in the damages the cost of that improvement. Such a defense could not prevail. The alleged immunity from liability is not an attribute of Fladger's ownership, and did not pass to him with his deed.

Under sections 1805 and 1807 of the Borough Code of May 4, 1927, P. L. 519, 53 PS §§14035, 14037, the borough had authority to notify Fladger to construct a sidewalk and upon his refusal, cause the pavement to be laid at his cost; that is what was done.

Judgment is affirmed.