78 S.E.2d 724 (1953)
238 N.C. 599
SALE et al.
v.
STATE HIGHWAY & PUBLIC WORKS COMMISSION.
No. 95.
Supreme Court of North Carolina.
November 25, 1953.
*727 Uzzell & DuMont, Asheville, for petitioner-appellants.
R. Brookes Peters, Gen. Counsel, State Highway & Public Works Commission, Raleigh, Gudger, Elmore & Martin, Associate Counsel, Asheville, for respondent-appellant.
PARKER, Justice.

The Respondent's Appeal.
At the close of the petitioners' evidence the respondent offered nonethe respondent demurred to the jurisdiction of the court. The demurrer was denied. This is respondent's exception No. 90, and forms the basis of its assignment of error No. 29. The respondent then moved for judgment of nonsuit. This motion was denied, and is respondent's exception No. 92, forming its assignment of error No. 31.
The respondent had authority by virtue of G.S. § 136-19 to acquire the right of way by purchase, as it did.
The purchase of this right of way vested in the respondent the same rights as though it had acquired the land by condemnation. Lewis, Eminent Domain (3rd Ed.) Sec. 474 (293); St. Louis & B. Electric Ry. Co. v. Van Hoorebeke, 191 Ill. 633, 61 N.E. 326; St. Louis, V. & T. H. R. Co. v. Hurst, 14 Ill.App. 419; Roushlange v. Chicago & A. Ry. Co., 115 Ind. 106, 17 N.E. 198; Hileman v. Chicago G.W. Ry. Co., 113 Iowa 591, 85 N.W. 800; De Vore v. State Highway Commission, 143 Kan. 470, 54 P.2d 971.
In Nichols on Eminent Domain (3rd Ed.,1950) Vol. 3, pp. 150-151 it is said: "One who agrees to give his land for a public work does not necessarily thereby release his claim for damages to his remaining land by the construction of the work, although it is usually held that, in the absence of any special circumstances or conditions indicating a contrary intent, a conveyance of land for a specified public use constitutes a release of all damages to which the owner of the property would be entitled if it was taken by eminent domain for the same purpose. One who has released his claim for damages arising from the taking is not thereby barred *728 from an action for damages arising from the negligent manner in which the work is done." Citing cases from Georgia, Illinois, Iowa, Kentucky, Louisiana, Minnesota, Nebraska, New York, Pennsylvania, South Carolina, Texas, Vermont, West Virginia for the first sentence quoted, and cases from Oregon and Pennsylvania for the second sentence quoted.
In 29 C.J.S., Eminent Domain, § 206 it is said: "Where a landowner has granted a right of way over his land, he must look to his contract for compensation, as it cannot be awarded to him in condemnation proceedings, provided the contract is valid, and all its conditions have been complied with by the grantee * * *" citing in support of the text De Vore v. State Highway Commission, supra; State v. Lindley, Tex.Civ.App., 133 S.W.2d 802; Thomas E. Jeremy Estate v. Salt Lake City, 87 Utah 370, 49 P.2d 405; Person v. Miller Levee Dist. No. 2, 202 Ark. 876, 154 S.W.2d 15; Shortle v. Terre Haute & I. R. Co., 131 Ind. 338, 30 N.E. 1084; Heimburg v. Manhattan Ry. Co., 162 N.Y. 352, 56 N.E. 899. The cases cited support the text. To the same effect Stoops v. Kittanning Tel. Co., 242 Pa. 556, 89 A. 686.
In Lewis, Eminent Domain (3rd Ed.) Sec. 474 (293) it is said: "The conveyance of land for a public purpose will ordinarily vest in the grantee the same rights as though the land had been acquired by condemnation. The conveyance will be held to be a release of all damages which would be presumed to be included in the award of damages if the property had been condemned. The grantor therefore cannot recover for any damages to the remainder of his land which result from a proper construction, use and operation of works upon the property conveyed. Damages which result from improper construction * * * or negligence of any kind, may, of course, be recovered."
Nichols, ibid, p. 148 says that where private property is taken by proceedings in exercise of the power of eminent domain, the right of the owner to receive compensation is ordinarily satisfied by payment. However, there are several circumstances under which the owner's right may be extinguished or barred without payment, for instance, (1) by release or agreement to claim no damages; (2) by waiver or estoppel; (3) by statute of limitations; or (4) by laches. On p. 149 the text states: "It frequently happens that the owners of land through which it is proposed to lay out a public improvement are anxious to have the plan carried out, and are willing to donate the necessary land on account of the benefit which the improvement will confer upon their other property. In such a case the most approved practice is for the owners to execute deeds of the land to the corporation about to construct the improvement, protecting themselves, if necessary, by conditions subsequent contained in the deeds, or by delivering the deeds in escrow, to be held until the improvement has been completed. Such deeds are unquestionably valid, and if the corporation subsequently, to cure any possible defects in its title, effects a taking of the same land by eminent domain, the grantors of the deeds are not entitled to additional compensation."
In Allen v. Wilmington & W. R. Co., 102 N.C. 381, 9 S.E. 4, 5, the defendant proposing to construct a branch road from a point in the County of Wilson on its line to a point on the boundary line between the State and the State of South Carolina, with a view to this end procured from the plaintiff free and perpetual right of entry to the plaintiff's land, an easement therein for the location of its contemplated railway, upon any part wherever the company may select its route. The deed conveyed the easement, with all the incidental rights and privileges necessary to its full enjoyment. The Court said: "The deed, if effectual, allowed the company to select its route, and would bar all claims for damages incidental to, and necessarily incurred in, exercising the conferred right."
It has never been held in this jurisdiction that the State or its agencies can take private property for public use without just compensation. Moore v. Clark, 235 N.C. 364, 70 S.E.2d 182; Lewis v. North Carolina State Highway & Public Works Comm., 228 N.C. 618, 46 S.E.2d 705. The Highway & Public Works Commission *729 cannot be sued in contract. Dalton v. State Highway and Public Works Comm., 223 N.C. 406, 27 S.E.2d 1; nor in tort McKinney v. North Carolina State Highway Commission, 192 N.C. 670, 135 S.E. 772; Pickett v. Carolina & N. W. Ry., 200 N.C. 750, 158 S.E. 398. A statutory method of procedure is provided for adjusting and litigating claims against the Highway & Public Works Commission, and the remedy set out in the statute is exclusive and may alone be pursued. Latham v. State Highway Comm., 191 N.C. 141, 131 S.E. 385; Moore v. Clark, supra.
The identical contracts offered in evidence in this case by the petitioners were before this Court in Brown v. Bowers Construction Co., 236 N.C. 462, 73 S.E.2d 147, 151. In that case Brown and wife trading as Rock Wool Insulating Company sought to recover damages for the loss by fire of goods stored in the warehouse referred to in this case. This Court held in referring to the contracts that "the matter of the removal and reconstruction of the buildings is made a part of the consideration to be paid by the State Highway & Public Works Commission."
Applying the facts to the law as above stated we arrive at these conclusions. The petitioners introduced in evidence the option, the right of way agreement and the general contract. The petitioners admitted that the right of way agreement carried out the provisions contained in the option. They do not contend, nor have they offered any evidence, that the contracts are invalid; neither do they contend, nor have they offered evidence, that the respondent has taken land beyond the limits of the option and right of way agreement. Under these facts the petitioners having granted a right of way over their land and having released the respondent from all claims by reason of said right of way for all purposes for which the respondent is authorized by law to subject the right of way, must look to their contract for compensation, as it cannot be awarded to them in condemnation proceedings, provided all the conditions of the contracts have been complied with by the respondent. The petitioners contend that the removal and reconstruction of the buildings, the replacing of paving and the replacing of a fence were part of the consideration to be paid them and that has not been done, and the fire was caused by negligence. The respondent contends that the replacing of the paving and the fence were not required by the contracts. If the petitioners can allege, and prove their contention that they have been damaged by the negligent manner in which the work was done, or that they have been damaged by the respondent's failure without lawful excuse to perform any of the work it contracted to do they can recover such damages in a special proceeding under G.S. § 136-19 and G.S. § 40-12 et seq., provided the petitioners and respondent are unable to agree as to the amount of such damages, if any.
If the petitioners are to succeed at all, they must do so on the case set up in their complaint. Moore v. Clark, supra; Suggs v. Braxton, 227 N.C. 50, 40 S.E.2d 470; Simms v. Sampson, 221 N.C. 379, 20 S.E.2d 554; Whichard v. Lipe, 221 N.C. 53, 19 S.E.2d 14, 139 A.L.R. 1147. Their petition makes no reference to the option, right of way agreement and the general contract; it is drawn in the usual form when the respondent has taken over property for a public use without instituting condemnation proceedings, and the parties are unable to agree as to the price of property taken, and the case was tried on that theory though the petitioners introduced in evidence the option, right of way agreement and general contract. The proof materially departs from the allegations. "It has so often been said, as to have grown into an axiom, that proof without allegation is as unavailing as allegation without proof. There must, under the old or new system of pleading, be allegata and probata, and the two must correspond with each other. When the proof materially departs from the allegation, there can be no recovery without an amendment." Talley v. Harriss Granite Quarries Co., 174 N.C. 445, 93 S.E. 995, 996; Whichard v. *730 Lipe, supra; Aiken v. Sanderford, 236 N.C. 760, 73 S.E.2d 911. This variance between the allegations and proof requires a reversal on the ruling on the motion to nonsuit.
The case also seems to have been tried on a misapplication of the pertinent principles of law.
The respondent's assignment of error No. 29 that the court had no jurisdiction is without merit.
We refrain from discussing the case further, for if the petitioners pursue their case further, then upon a retrial the allegata and probata may present new and various phases of law and fact.
The judgment is ordered
Reversed.

Petitioners' Appeal.
By reason of the reversal of the judgment entered in the court below in this proceeding on the respondent's appeal, the questions presented for our decision on the petitioners' appeal have become academic. It is ordered as to petitioners' appeal
Appeal dismissed.