## Daughters of the Most Holy Redeemer, Inc.
## v. Easton Professional Corporation

*Martin Cohen,* for plaintiff.

*Richard F. Stevens, George Coffin, Jr.* and *Stanley E. Stertz,* for defendants.

GRIFO, J., May 21, 1973.—This case is before the court on a motion for summary judgment requested by defendants, Easton Professional Corporation, Frank Weiss Construction Co., Inc., and Robert A. Bosak & Associates. The factual situation, important for consideration in relation to defendants' motion, may be summarized as follows:

On Friday, September 13, 1968, defendant, Frank Weiss Construction Co., Inc., was excavating along the southern boundary line of defendant's, Easton Professional Corporation, property, within approximately 18 inches of the northern wall of plaintiff's building. The excavation had been dug to an average depth of 20 inches below the bottom of the building's northern wall, extending the entire length of the wall. It is plaintiff's position that because of the negligence of defendants in failing to buttress the northern wall of plaintiff's building, in failing to properly supervise

the excavation, and in failing to hire an experienced construction contractor, the building began to settle, resulting in the separation of the northern wall from the building, causing extensive structural damage.

It is unclear from the state of the pleadings whether an offer to repair plaintiff's building was ever made but, in any event, on December 10, 1970, plaintiff entered into an agreement of sale for the damaged building. On February 4, 1971, plaintiff executed a deed conveying the premises, under the terms of which plaintiff also transferred, to the grantee, ". . . all the estate, right, title, interest, property, claim and demand whatsoever of it, the said Grantor in law as in equity, or otherwise howsoever, of, in, and to the same and every part thereof."

It is the position of defendants, in their motion for summary judgment, that the above-quoted language, with specific reference to the word "claim," operated as an assignment of plaintiff's cause of action for damages to plaintiff's grantee, thereby divesting plaintiff of any right to maintain such an action.

Before proceeding to an analysis of the factual situation, as set out above, it is first necessary to note:

"In determining whether there is a dispute of a material fact, the court must take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, and thus placing the burden of proving the absence of any factual issue on the moving party": 2B Anderson, Pa. Civ. Prac., §1035.3(b).

The law in this State is well settled that damages to land are a personal claim of the owner at the time the injury occurs. They do not run with the land; nor do they pass by deed, even though not specifically reserved, unless it is expressly so provided: McFadden

v. Johnson, 72 Pa. 335, 13 Atl. 681 (1872); Nittany Valley Railroad Co. v. Empire Steel & Iron Co., 218 Pa. 224, 67 Atl. 349 (1907); Wagner v. Purity Water Co., 241 Pa. 328, 88 Atl. 484 (1913); Stoops v. Kittanning Telephone Co., 242 Pa. 556, 89 Atl. 686 (1914); Kaufmann v. Pittsburgh, 248 Pa. 41, 93 Atl. 779 (1915); Carlisle Borough v. Fladger, 157 Pa. Superior Ct. 206, 42 A. 2d 187 (1945).

The rules for construction of a deed have been set forth by the Pennsylvania Supreme Court in the case of Brookbank v. Benedum-Trees Oil Company, 389 Pa. 151, footnote 6, page 157, 131 A. 2d 103 (1957), as follows:

"(1) the nature and quantity of the interest conveyed must be ascertained from the instrument itself and cannot be orally shown in the absence of fraud, accident or mistake and we seek to ascertain not what the parties may have intended by the language but what is the meaning of the words;

"(2) effect must be given to all the language of the instrument and no part shall be rejected if it can be given a meaning;

"(3) if a doubt arises concerning the interpretation of the instrument it will be resolved against the party who prepared it;

"(4) unless contrary to the plain meaning of the instrument, an interpretation given it by the parties themselves will be favored;

"(5) 'to ascertain the intention of the parties, the language of a deed should be interpreted in the light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed.' "

"When we read that 'all the estate, right, title, interest, property, possession, claim and demand whatsoever' of the grantors is to be conveyed, the

conviction grows that this was meant to be a fee, or certainly to the full extent of the grantor's title": Yuscavage v. Hamlin, 391 Pa. 13, 137 A. 2d 242 (1958).

We are, equally, of the conviction that the grantor did not intend to convey its personal claim arising out of the damage to its property. This is especially true, in light of the fifth rule of construction as outlined above, when it is realized that the value which they received for the damaged premises, according to the allegations in the complaint which we must view favorably, was substantially less than the original cost for construction of the property. Further, there is nowhere, in the deed, language expressly providing for the assignment of the personal claim of the grantor. And, finally, in light of the fourth rule, as set out above, this court is convinced that the parties to the deed never intended that the personal claim for damages of the grantor be assigned the grantee.

Wherefore, the court enters the following

## ORDER OF COURT

And now, to wit, May 21, 1973, defendants' motion for summary judgment is denied.