658 A.2d 379

**BEACH STREET CORP. (Formerly Longmead Homes, Inc.), Appellant,**

**v.**

**A.P. CONSTRUCTION CO., INC., Gerald P. Masgai & Son, Inc., Jeffrey M. Brown Associates, Inc., Port Richmond Village Associates, Inc. and City of Philadelphia.**

Superior Court of Pennsylvania.

Submitted March 20, 1995.

Filed May 2, 1995.

Joseph R. Glancey, Philadelphia, for appellant.

Joseph A. Breymeier, Philadelphia, for appellees.

Before OLSZEWSKI, POPOVICH and BROSKY, JJ.

OLSZEWSKI, Judge:

In late 1984, the City of Philadelphia hired appellee, A.P. Construction, to build a storm sewer through the Old Cramps Shipyard, near the Delaware River. A.P. worked on the project from 1985 until February of 1988. In building the storm sewer, A.P. Construction dumped debris (called "soil and spoil" below) onto the Beach Street property owned by John Connelly and the Estate of Louis Silverstein.

In November of 1989, Connelly and Silverstein sold the Beach Street property to Longmead Homes, which later be-

came appellant, the Beach Street Corporation. In August of 1990, Beach Street filed a complaint in trespass against A.P. Construction, demanding that A.P. remove the debris from its property.

The trial court rejected Beach Street's claims. After a bench trial, it ruled that the trespass was permanent, not continuing, since the dumping was completed by February of 1988 and had effected a permanent change to the condition of the land. Therefore, Beach Street had to file its trespass claim by February of 1990 to meet the two-year statute of limitations. 42 Pa.C.S.A. § 5524(4). The court also held that Beach Street did not even have standing to bring this action, since the right to sue for trespass is personal to the possessor of the land when the trespass occurs. The right to sue does not pass by deed or conveyance. *Potts Run Coal Co. v. Benjamin Coal Co.*, 285 Pa.Super. 128, 426 A.2d 1175 (1981).

■ On appeal, Beach Street argues that the dumped debris should be regarded as a continuing trespass, so that it would have the option to bring an action any time it chooses. The trial court correctly rejected this spurious claim. While this action is thus time-barred, we think the more powerful rationale for dismissal is Beach Street's lack of standing.

■ Beach Street bought property that had been partially covered with mounds of "soil and spoil." [1] There is no question that before purchasing the property, Beach Street could have inspected it and discovered the debris, which had been sitting there for the past two years. Beach Street did not demand that the seller first remove the debris, or make any arrangements for its removal. Rather, Beach Street took a deed for the property as it was, and decided to bring a trespass action over two years later.

■ It is well-settled that any right to sue for the trespass belongs solely to the possessor at the time of the trespass, and does not pass by deed. *See Potts Run Coal, supra; Carlisle*

---

1. The exhibits contain photographs which show that the mounds consist of soil and hunks of broken concrete. We therefore deduce that "spoil" refers to such earthy substances as concrete.

*Borough v. Fladger,* 157 Pa.Super. 206, 207–08, 42 A.2d 187, 188 (1945) (citing *McFadden v. Johnson,* 72 Pa. 335 (1873)).[2] The productive development of land inevitably entails the sort of changes which happened to Beach Street's property. If real estate development is to be encouraged, the law must at some point cut off potential future liability for changes in the condition of land.[3] The logical point to wipe the slate clean is with a change in ownership. When a buyer can discover the topographical condition of land by simple visual inspection, she will be deemed to have accepted the land "as is" when she accepts the deed. Beach Street bought this land with plainly visible piles of debris; it cannot now claim that the dumping which took place years earlier constitutes a trespass to its possessory rights.

Affirmed.

---

**2.** It is conceivable that the personal right to sue for this trespass could have been transferred as a chose in action. Beach Street makes no argument that it acquired its trespass claim in this manner.

**3.** Federal environmental laws appear to be an exception to this policy, and also appear to discourage real estate development. Of course, the nature and policy behind environmental liability are quite different from the traditional trespass liability for dumping piles of dirt and rubble.