The action is prosecuted by plaintiff, an owner of adjacent lands, to restrain defendants, the Highway Commission, from entering on said land and taking therefrom soil and material for purposes of constructing a public road, laid off as part of the State highway system, (70) etc. On the affidavits and evidence submitted, the court finds the facts and entered judgment thereon as follows:
JUDGMENT DISSOLVING INJUNCTION.
This cause coming on to be heard at Elizabeth City, N.C. before his Honor, J. Lloyd Horton, upon motion to show cause why the restraining order in this matter should not be continued to the hearing. After the hearing of the evidence, the complaint and answer being used as affidavits, and also upon the affidavits filed herein, the court finds as follows:
1. That the defendant State Highway Commission, through its duly authorized agents, has gone on the lands of the plaintiff and is cutting and removing soil therefrom for the purpose of constructing a *Page 75 
part of the State highway system as provided in ch. 2, Public Laws, 1921, and that there is clearly expressed statutory authority for the acts of the defendant State Highway Commission.
2. That the plaintiff's lands are used for farming purposes, and that no invasion has been made of the plaintiff's curtilage; that the defendant's entry thereon was reasonable and proper, and not an abuse of discretion or authority.
3. That the defendant State Highway Commission is engaged in a highly important public enterprise, to wit, the construction of public highways which are a public necessity. And that the material sought and taken from plaintiff's lands is necessary for the proper construction of a part of the State highway system as aforesaid, and that the material taken from the plaintiff's lands is being used by the commonwealth, or an agency thereof, for the public use and for the promotion of public welfare.
4. That the defendant State Highway Commission is willing, able, and ready to make proper and sufficient compensation, as it avers, at such time as the compensation can be fairly and justly determined, but that the measure of damages, if any, cannot be fairly and fully determined until the public highway is complete; that it cannot now be ascertained how much material may be necessary for the proper construction of the said public highway.
5. That ample provision is made for just and sufficient compensation to plaintiff by defendant State Highway Commission for all material or land to be used by it in the construction of the particular public highway.
6. That defendant "was not obliged to initiate proceedings. It was not obliged to know that plaintiff claims damages until he claims them in the mode provided."
It is therefore, on motion of Walter L. Cohoon, counsel for defendant, ordered and adjudged that the restraining order heretofore (71) granted in this cause be and the same is hereby dissolved.
Plaintiff excepted, and appealed.
Plaintiff excepts to the judgment, contending, as we understand his position, that the right to take and use his property can only be acquired by action or special proceedings duly instituted, and in which the kind and quantity of material to be taken shall be designated and fully described, but in our opinion the exception cannot be sustained.
The General Assembly has conferred on the Highway Commission the power to enter on and appropriate land of private owners for the purpose of constructing highways as part of the State system, on giving due notice to the owner. C. S. 3667 et seq. And in chapter 2, section 22, they have also given defendant board the right to acquire material, gravel beds, sand bars, rocks, or other soil, mineral deposits, etc., necessary and suitable for the construction and maintenance of such roads, where such beds, quarries, etc., are not presently open and operated bona fide by private enterprise, conferring upon defendant for the purpose indicated the powers of eminent domain, contained in C. S. 1715 et seq., and with the additional provision in enlargement and extent of such powers as follows: "In case condemnation proceedings shall become necessary, the State Highway Commission is authorized to enter the lands and take possession of same, and also take possession of such materials and timber as is required by itprior to bringing the proceedings for condemnation, and prior to the payment of the money for said property." And further: "In the event that the owner or owners shall appeal from the report of the commissioner (of assessment, etc.), it shall not be necessary for the State Highway Commission to deposit the money assessed with the clerk, but it may proceed and use the property to be condemned until the final determination of the action."
It is universally conceded that a government has, under the power and principles of eminent domain, the right to appropriate private property for a public use, on making due compensation therefor; that where the use is for a public purpose the necessity for the exercise of the power in a given case and the extent of it, under all ordinary circumstances is for the Legislature, either directly or through subordinate agencies designated for the purpose. And the well considered cases on the subject hold that when the Legislature has not defined the extent or limit of the appropriation, the authorities charged with (72) the duty are restricted to such property in kind and quantity as may be reasonably suitable and necessary to the purpose designated.Dickson v. Perkins, 172 N.C. 359; Jeffress v. Greenville,154 N.C. 490; S. v. Jones, 139 N.C. 613; Lynch v. Forbes, 161 Mass. 302; 1st Elliott on Roads and Streets (3 ed.), secs. 250-256; 15 Cyc. 632. *Page 77 
In the citation to Elliott, sec. 256, the author says: "As we shall show in the following sections, the general rule, where the statute does not definitely determine the question, is that so much, and so much only, as is reasonably necessary may be taken, but where a municipality acts in good faith and does not exceed the amount of a reasonable discretion, with which it is invested, the courts will seldom if ever interfere."
And these and other authorities are to the effect further that unless the statute appertaining to the subject otherwise provides, it is not necessary to notify the owner that his property is to be appropriated, provided he is notified and given opportunity to appear and be heard on the question of the compensation that may be due him. S. v. Jones, supra;Kinston v. Loftin, 149 N.C. 255; 15 Cyc. 632.
In the case before us it appears from a perusal of the record that the Legislature has expressly conferred the power on defendant board to enter on plaintiff's property and appropriate the material in question. On satisfactory proof the Court finds that such material is suitable and reasonably required for the public purposes designated, and under the provisions of the statute are a proper application of the principles referred to, we must approve the rulings of the court and affirm the judgment dissolving the injunction.
Affirmed.
Cited: Parks v. Commissioners, 186 N.C. 500; Davis v. Hwy. Comm.,191 N.C. 147; Highway Comm. v. Basket, 212 N.C. 222; Moore v. Clark,235 N.C. 367.