J. W. LATHAM v. STATE HIGHWAY COMMISSION, PASQUOTANK HIGH-WAY COMMISSION ET AL.

(Filed 27 January, 1926.)

**Government — State Highway Commission — Torts — Trespass — County Highway Commission.**

The State Highway Commission is an unincorporated agency of the State to perform specific duties in relation to the highways of the State, and is not liable in damages for the torts of its subagencies, and an action may not be maintained against it or a county acting thereunder in trespassing upon the lands of a private owner, or for the faulty construction of its drains, or the taking of a part of the lands of such owner for the use of the highway, the remedy prescribed by the statute being exclusive.

APPEAL by plaintiff from *Cranmer, J.,* at January Term, 1925, of PASQUOTANK.

Civil action instituted in the Superior Court of Pasquotank County to recover of the defendants damages for causes alleged in the complaint as follows:

1. For that the defendants have wrongfully, unlawfully and wilfully trespassed upon plaintiff's lands and "cut out a ditch through a part of the lands of the plaintiff, said ditch so cut out by them being at the public road aforesaid and extending through a part of the lands of the plaintiff and coming to an abrupt stop about the center of plaintiff's farm," and wrongfully accumulated and ponded water thereon.

2. Because defendants have wrongfully and unlawfully trespassed upon the lands of plaintiff and "taken from this plaintiff a strip along

one side of his farm bordering on said public road, containing about one quarter of an acre, more or less, and have made said strip so taken a part of the public road."

At the close of plaintiff's evidence, there was a judgment as of nonsuit entered on motion of the defendants, and from this ruling the plaintiff appealed.

*Aydlett & Simpson and Geo. J. Spence for plaintiff.*
*W. L. Cohoon, W. L. Small and Ehringhaus & Hall for defendants.*

STACY, C. J. This case was before us at a former term (185 N. C., 134), on plaintiff's appeal from a judgment sustaining a general demurrer interposed by the defendants and which was reversed because of the presence of the individual defendant and the broad allegations of the complaint. *Hipp v. Ferrell,* 169 N. C., 551, *S. c.,* 173 N. C., 167. Doubtless the demurrer should have been sustained as to the other defendants, especially the State Highway Commission. *Carpenter v. R. R.,* 184 N. C., 400. But however this may be, in view of the evidence offered on the hearing, we have experienced no difficulty in concluding that the present judgment of nonsuit should be sustained; not only as it relates to the State Highway Commission and its agent, the Pasquotank Highway Commission (*Jenkins v. Griffith,* 189 N. C., 633), but also as it concerns the individual defendant, T. L. Higgs. *Hyder v. Henderson County,* 190 N. C., 663; *Noland Co. v. Trustees,* 190 N. C., 250. There is no evidence on the instant record sufficient to render any of the defendants liable in damages to the plaintiff on either cause of action set out in the complaint. The State Highway Commission was the moving spirit in all that was done, and it is not liable to suit for trespass or tort such as the plaintiff has instituted here. *Mabe v. Winston-Salem,* 190 N. C., 486.

In *Carpenter v. R. R., supra,* it was held (1) that the State Highway Commission is not an incorporated body with the right to sue and be sued generally, but that it is an agency of the State, charged with the duty of exercising certain administrative and governmental functions (C. S., 3846); (2) that a state cannot be sued in its own courts or elsewhere unless it has expressly consented to such suit by legislative enactment or in cases authorized by the organic law; and (3) that, generally speaking, a state cannot be held liable for torts committed by its officers or agents in the discharge of their official duties unless it has voluntarily assumed such liability. And we may add that where a state agency, like the State Highway Commission, is created for certain designated purposes and a statutory method of procedure provided for adjusting or litigating claims against such agency, the remedy set out

ENGINEERING CO. *v.* BOYD.

in the statute is exclusive and may alone be pursued. *McIntyre v. R. R.*, 67 N. C., 278; *Parks v. Comrs.*, 186 N. C., 490; *Jones v. Comrs.*, 130 N. C., 452; *Dargan v. R. R.*, 131 N. C., 623; *Durham v. Rigsbee*, 141 N. C., 128; *Luther v. Comrs.*, 164 N. C., 241; *Pharr v. Comrs.*, 165 N. C., 523; *Shute v. Monroe*, 187 N. C., 683; *Allen v. R. R.*, 102 N. C., 381.

The line of cases, beginning with *Mason v. Durham*, 175 N. C., 638, and including among others, *Fleming v. Congleton*, 177 N. C., 186, *Keener v. Asheville, ibid.*, 1, *Sawyer v. Drainage District*, 179 N. C., 182, *Rouse v. Kinston*, 188 N. C., 1, strongly relied on by plaintiff, is not at variance with our present position for the very good reason, *inter alia*, that in each case going to make up this line of decisions, the action was against a municipal or *quasi*-municipal board or corporation charged with the exercise of ministerial, as well as governmental, functions, and not against an unincorporated agency of the State, as in the instant case. *Moody v. State Prison*, 128 N. C., 12; *Jones v. Henderson*, 147 N. C., p. 125. And, too, in the *Mason case* and others, there was a denial of title, making it necessary for plaintiff to resort to the Superior Court for a determination of the question of ownership and the right to claim damages.

On the record, the defendant's motion for judgment as of nonsuit, made at the close of plaintiff's evidence, was properly allowed.

Affirmed.