not again litigate the same matter in the present suit. A consent judgment is in truth a decree of the parties, entered of record with the sanction of the court. It is their act, their contract, their decree, and binding upon them as such. *Distributing Co. v. Carraway,* 189 N. C., p. 423, and cases there cited. On the instant record, therefore, the plaintiff is entitled to recover with interest the difference between $3,250, the amount received on said note, and $5,594.75, the amount admittedly due the plaintiff by the Liberty Engineering and Construction Company on 25 October, 1920, and for which the defendant Boyd is liable by reason of his suretyship.

The cause will be remanded, to the end that judgment may be entered in conformity with this opinion.

Error and remanded.

---

M. L. DAVIS v. STATE HIGHWAY COMMISSION AND PASQUOTANK HIGHWAY COMMISSION.

(Filed 27 January, 1926.)

**Government—State Highway Commission—Highways—Detours.**

> The State Highway Commission, as a governmental agency, is not subject to an action in tort for damages by the owner for the temporary taking of a part of his lands for a necessary detour for travel upon the State's highway. *Jennings v. State Highway Commission,* and *Latham v. State Highway Commission,* applied.

APPEAL by plaintiff from *Cranmer, J.,* at January Term, 1925, of PASQUOTANK.

Civil action in tort, instituted in the Superior Court of Pasquotank County, to recover of the defendant damages for the temporary use, pending the construction of a bridge on the State highway, of a right of way through plaintiff's farm, as a detour, said detour following an old road to plaintiff's pasture, and then across his pasture and out through his front gate back to the State highway.

On the hearing, it was admitted, for the purposes of this suit, "that plaintiff owns the land described in the complaint, and that the detour established over the lands by the defendants was a lawful act on their part in constructing the road named in the pleadings and provided a proper detour while said main highway was closed."

At the close of plaintiff's evidence, there was a judgment as of nonsuit, entered on motion of the defendants, from which plaintiff appeals.

*Aydlett & Simpson for plaintiff.*
*W. L. Cohoon, W. L. Small and Ehringhaus & Hall for defendants.*

STACY, C. J., after stating the case: The judgment of nonsuit sustaining the demurrer to the evidence must be affirmed on authority of *Jennings v. Highway Com.,* 183 N. C., 68, and *Latham v. Highway Com., ante,* 141.

Affirmed.

---

D. W. LOWMAN v. W. C. ABEE, FRANCIS GARROU AND J. G. BERRY, BOARD OF COMMISSIONERS OF LOVELADY TOWNSHIP, BURKE COUNTY, AND LOVELADY TOWNSHIP, W. C. ABEE, FRANCIS GARROU AND J. G. BERRY.

(Filed 27 January, 1926.)

**1. Condemnation—Highways—Township Statutes—Sand and Gravel from Owner's Other Lands—Actions—Trespass.**

Where a public-local act gives to a particular township the right to condemn lands for a public highway, and prescribes a method by which the damages to the owner shall be ascertained, but is silent as to the taking of top-soil, etc., for the road construction from the owner's lands outside of the right of way thus obtained, an action by the owner to recover damages for the taking of the top-soil outside of the right of way may be maintained under the general statutes on the subject. C. S., 1712. (C. S., 3668, 3748(a), vol. 3, not applicable.)

**2. Same—Commissioners—Individual Liability.**

Under the allegation in this case the individual members of a township road commission are not liable, as such, for a trespass in taking the sand and gravel from the lands of the owner adjoining a highway, when acting within the scope of their official duties.

**3. Pleadings—Demand—Recovery.**

The amount of recovery in the present action is limited to the specific sum demanded in the complaint when particularly stated, and may not be extended to that claimed in a general prayer for a larger amount.

APPEAL by defendants from *Harding, J.,* at October Term, 1924, of BURKE. Affirmed as to board, reversed as to individuals.

The plaintiff brings this action against the defendants (1) As Board of Commissioners of Lovelady Township, Burke County, and Lovelady Township, (2) W. C. Abee, Francis Garrou and J. G. Berry, individually.

Plaintiff alleges that he is a resident of Lovelady Township and owns certain lands, describing them. That defendants are residents of and