A. J. McKINNEY v. NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 8 December, 1926.)

Government—State Highway Commission—Roads and Highways—Condemnation—Damages—Rights and Remedies—Statutes.

The owner of land cannot maintain an action in tort against the State Highway Commission, an unincorporated governmental agency, for damages caused to his land for its having been taken by the commission for highway purposes, and is confined for his remedy to the provisions of the special proceedings of 3 C. S., 3846(bb), 1716.

APPEAL by defendant from Stack and Finley, JJ., at July Term, 1925, and April Term, 1926, of MITCHELL.

Civil action instituted in the Superior Court of Mitchell County to recover of the defendant damages for causes alleged in the complaint as follows:

1. For that the defendant has wrongfully entered upon plaintiff's lands and appropriated a part thereof, reasonably worth $350.00, to its own use in the construction of a State highway from Spruce Pine to Bakersville.

2. For that the plaintiff's remaining lands, on account of the wrongful manner in which the defendant has constructed its road, have been greatly damaged to the extent of $150.00, making a total claim of $500 for the land taken and damage to the remaining lands.

At the July Term, 1925, before his Honor, A. M. Stack, judge presiding, the defendant moved to dismiss the action for want of jurisdiction, as the only remedy afforded the plaintiff by the statute was a special proceeding in condemnation under chapter 33 of the Consolidated Statutes. Motion overruled; exception. His Honor then, over the protest of the defendant, ordered a reference in the case. The defendant again excepted.

At the hearing before the referees, the defendant appeared and renewed its motion to dismiss for want of jurisdiction and upon the further ground that the case was not a proper one for reference. ·Overruled; exception.

Upon the coming in of the report of the referees, in which the plaintiff was awarded damages in the sum of $300.00, the defendant again moved before his Honor, T. B. Finley, judge presiding, to dismiss the action for want of jurisdiction. Motion overruled in accordance with the previous ruling on the same motion; exception. The defendant then lodged a motion to strike out the report of the referees. Motion overruled; exception.

From the judgment affirming the report of the referees, the defendant excepted and appealed.

*McBee & Berry, Chas. Hutchins, and Chas. E. Greene for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Ross for defendant.*

STACY, C. J., after stating the case: In *Latham v. Highway Commission,* 191 N. C., 141, the Court held that as the State Highway Commission is an unincorporated agency of the State, charged with the duty of exercising certain administrative and governmental functions, it is not liable to suit for trespass or tort, such as the plaintiff has instituted in the present action. Speaking to the question, it was said that "where a State agency, like the State Highway Commission, is created for certain designated purposes, and a statutory method of procedure provided for adjusting or litigating claims against such agency, the remedy set out in the statute is exclusive and may alone be pursued," citing a number of authorities for the position. The only remedy afforded the plaintiff, and others similarly situated, by express provisions of the statute (3 C. S., 3846(bb) and C. S., 1716) is a special proceeding in condemnation under chapter 33 of the Consolidated Statutes. This remedy is equally available to the owner of the land and the State Highway Commission.

Nor is the position affected by the fact that the defendant has denied plaintiff's title. This circumstance was considered and allowed significance in several actions against municipal or *quasi*-municipal boards or corporations, but we have never extended it to the State Highway Commission.

The plaintiff has misconceived his remedy. The motion to dismiss should have been allowed. Let the cause be remanded with direction that the action be dismissed at the cost of the plaintiff.

Reversed.