CLARE O. REED v. THE STATE HIGHWAY AND PUBLIC WORKS
COMMISSION OF THE STATE OF NORTH CAROLINA.

(Filed 18 March, 1936.)

1. **Eminent Domain A a—Private property may not be taken but for public use.**

   Private property may not be taken, even upon payment of just compensation, except for a public use or purpose, and although what is a "public purpose" must first be passed upon by administrative bodies, the Legislature cannot deprive the courts of their power and duty to determine the question when properly presented, nor may the courts be precluded by the declarations of administrative bodies as to whether the use is public or private.

2. **Same—Pleadings held insufficient to raise issue of fact as to whether taking was for private or public purpose.**

   Under the provisions of ch. 145, Public Laws of 1931, the county commissioners petitioned the State Highway Commission that certain roads in the county be taken over as a part of the county system. Plaintiff, owner of part of the land involved, obtained a temporary injunction prohibiting the taking over of the road, claiming the taking was for a private and not a public purpose. Upon the return of the temporary order, the court found that the taking was for a public purpose, and dismissed the action, it appearing from the pleadings considered as affidavits that the proposed road would give four families access to the county seat and that the road would constitute a part of a through scenic highway. *Held:* The judgment dismissing the action is affirmed, there being no evidence upon the record showing that the taking over of the road was for a private purpose sufficient to raise an issue of fact, and plaintiff being remitted to his rights under N. C. Code, 3846 (bb), 1716, for the recovery of just compensation.

3. **Same—**

   In taking over a road as a part of the highway system, the scenic value of such road and its necessity as a part of the system of scenic highways for the public may be considered in determining whether taking over the road is for a public or private purpose.

4. **Constitutional Law B c—**

   The courts must declare the law as written, the wisdom of the enactments being a question for the Legislature.

APPEAL by plaintiff from *Harding, J.,* 9 November, 1935, at Chambers. From POLK. Affirmed.

This is an injunctive proceeding brought by plaintiff against the defendant to restrain it from taking over plaintiff's road and making it a part of the State system of highways. Plaintiff alleged that the taking was for a private, not a public purpose. The prayer is as fol-

lows: "That the defendant and its officers, representatives, agents, and servants be permanently enjoined from taking over the private roadway of the plaintiff hereinbefore described as a part of the State Highway System of the State of North Carolina, and that a temporary injunction be issued and continued until the hearing of the matter on its merits; and for such other and further relief as is just and equitable, and that the plaintiff recover against the defendant the costs of this action."

The defendant, in answer, denied the material allegations of the complaint, and alleged: "That the defendant's action in this matter has been in accordance with its honest judgment and what it deemed to be for the best of the public interest and within the scope of the discretion vested by law in the said Commission."

As a further defense, the defendant alleges: "(1) That this action is brought by the plaintiff in an effort to restrain the defendant in the exercise of the discretion vested in it by law and in direct violation of the provisions of section 7 of chapter 46 of the Public Laws of 1927, and cannot therefore be maintained in the courts of this State. (2) That this action is in effect an allegation that the defendant has appropriated certain property rights of the plaintiff, and that the General Assembly has, by section 3846 (bb) of the Consolidated Statutes, provided the only and exclusive remedy by which questions of that nature may be tried in the courts of this State. This action, therefore, not being in accordance with the provisions of law and being against an agency of the sovereign State and without legislative authority, cannot be maintained in the courts of this State. Wherefore, the defendant, having fully answered the complaint of the plaintiff, prays that this action be dismissed and that it go hence without day."

The defendant sets forth, as "Exhibit A," a Road and Bridge Report, showing, among other things, that the road proposed to be taken over will "furnish a public outlet for five homes from the top of the mountain to the county seat at Columbus." Also petition, "Exhibit B," as follows:

"PETITION.

"NORTH CAROLINA—POLK COUNTY.

"In the matter of the Reed Road, Columbus and White Oak Townships.

"Whereas, the Board of Commissioners of Polk County, at their regular monthly meeting at the courthouse in Columbus, N. C., on 6 May, 1935, duly enacted a resolution and ordinance in words and figures following, to wit:

" 'Whereas, in the opinion of this Board the best interests of the people of Polk County and of the particular communities which include

the towns of Tryon and Columbus, and that portion of White Oak Township situated upon the upper levels of White Oak and Tryon Mountains and the broad plateau which crowns said mountains, and the connecting ridges, will be subserved by the addition to the county road system of Polk County heretofore established and defined by the State Highway Commission conformably to the provisions of chapter 145 of the Public Laws of 1931, of another and new road, namely, to be composed of the following separate but connecting roads, to wit:

" 'That certain road commonly known as the Reed Road, from its intersection near the town of Columbus, with the public road known as the Houston Road, and continuing thence to the top of the ridge and passing near the ruins that mark the site of the former Log Cabin Inn, and also passing the entrance to the Slick Rock Estate, and traversing the said plateau area to the point known as Sunset Rock, and continuing thence in a westerly direction with the existing roadway to its intersection with Skyuka Road, and continuing thence with the road known as Skyuka Road, and passing Skyuka Hotel, to the intersection of said road with North Carolina State Highway No. 181 (which is also Federal Highway No. 176), near the town of Lynn, North Carolina; said new road to conform to the existing locations of said connecting roads, as above defined, except for such relocations and realignments as said State Highway Commission may deem requisite:

" 'Now, therefore, Be It Resolved: That this, the Board of County Commissioners, conformably to the provisions of the aforementioned statute, and section 13 thereof, to add the above defined new road to the Polk County Road System aforementioned, as provided by law; said petition to be signed for and in the name of this board by its chairman and secretary, and duly authenticated as required by law, and said petition to recite and exhibit this resolution: *Provided, however,* that such right of way and easement costs, if any, and all other costs and expenses that may be incurred in the execution of said project, shall be the obligations of the State Highway Commission and not of the county of Polk.'

"Now, therefore, the said Board of Commissioners of Polk County, acting in this behalf in conformity with the said resolution and the statute (P. L. 1931, ch. 145, and particularly section 13 thereof), does hereby petition the State Highway Commission of North Carolina to add to the County Road System of Polk County, heretofore established conformably to the provisions of said statute, that other and new road mentioned and described in said resolution; but subject, however, to the condition therein prescribed.

"In witness whereof, the said Board of Commissioners has caused this petition to be signed in the name of said Board by its Chairman and duly attested by its Secretary and by the corporate seal of the said Board hereto affixed.

BOARD OF COMMISSIONERS OF POLK COUNTY,

By (Signed) G. C. FEAGAN,

*Chairman.*

"Attest:

(Signed)    C. W. BALLENGER, *Secy.*    (Seal.)"

The judgment of the court below is as follows: "This cause, coming on to be heard before his Honor, W. F. Harding, holding the courts of the 18th Judicial District, upon the return of the temporary restraining order in Hendersonville on 15 October, 1935, and being heard upon the complaint and answer treated as affidavits; and after the argument of counsel; and the court being of opinion, and so finding, that the defendant is an agency of the State of North Carolina, and that as such agency is not subject to suit, except in accordance with special matters particularly authorized by the General Assembly; and that this complaint is an effort to make the said Commission answerable before this court for the exercise of a discretionary power that has been vested in the said Commission with respect to taking over and incorporating into the public road system of the State additional roads; and that the said Commissioner, in the exercise of the discretion vested in it by law and in response to the request of the Board of Commissioners of Polk County, has caused an investigation to be made of the particular road in question, and based upon such investigation has found and determined that the incorporation of the said road into the public road system of the State is in furtherance of the public interest, and that there has been no abuse of the discretion on the part of the said Commission, and that there has been no sufficient evidence produced before this court to satisfy it that there has been any abuse on the part of the said Commission of the discretion vested in said Commission, and that questions of pecuniary damage are not properly presented in this cause for determination by the Court. Now, therefore, it is considered and adjudged that the defendant's demurrer *ore tenus* be and the same is hereby sustained, and this action is dismissed at the cost of the plaintiff. The matter having been taken under advisement by the court, all parties having agreed that the court can sign judgment at such time and place as might suit its convenience, this judgment is signed at Rutherfordton on 28 November, 1935. W. F. Harding, Judge holding the courts of the 18th Judicial District."

The plaintiff excepted and assigned error to the above judgment as signed, and appealed to the Supreme Court.

*Massenburg, McCown & Arledge and Paul Boucher for plaintiff.*
*Charles Ross for defendant.*

CLARKSON, J. It is well settled that public funds cannot be taken for private purposes, and private property can only be taken for public purposes upon the payment of "just compensation" to the owner.

In *Stratford v. Greensboro,* 124 N. C., 127 (132-133), we find: "In cases where the municipal authorities are empowered by the general law, or by their charters, as in this case, to open up, grade, and pave streets, the *expediency* or *necessity* of doing so, and the power of exercising the right of eminent domain, condemning the private property of the citizen for that purpose, are entirely within the determination of the corporate body, and their action is conclusively against judicial interference, since such a question is not judicial; it is political. 2 Dillon Mun. Corp., sec. 600. When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance. Lewis on Em. Domain, sec. 238; *Boom v. Patterson,* 98 U. S., 403; *Broadnax v. Groom,* 64 N. C., 244; *Vaughan v. Commissioners,* 117 N. C., 434. It is also true that municipal authority, when lawfully exercising the power of condemning private lands for the public use, do and must determine, in the first instance, that the use to which they intend the land is *public use.* But that decision is not conclusive. But whether the use of the property which the delegated legislative authority has declared to be a public use be such a use as would sustain the authorities in taking, against the will of the owner, his property, is a judicial question. If the taking be in fact for the purposes of private use, if the basis of condemnation be the benefit of an individual and not the public interest and convenience, the courts cannot be concluded by the action of legislative authority from exercising jurisdiction in determining whether the use is a *public* use or one for *private* gain and advantage. 2 Dillon, *supra,* sec. 600; *Call v. Wilkesboro,* 115 N. C., 337. All the courts, we believe, concur in holding that whether a particular use is public or not, within the meaning of the Constitution, is a question for the judiciary. Lewis, *supra,* sec. 158; Cooley on Taxation, 110, 120; *Clark v. Sanders,* 74 Mich., 692. . . . (Pp. 134-5.) In the case before us, the main question raised by the pleadings was whether the use, to which the new street and improvements were to be devoted, was a public use. It was not necessary on the part of the plaintiff to allege or prove actual fraud in the transaction. If the substantial benefit was for the defendant Cone as an individual, and the benefit to the city only incidental and purely prospective, then the proceedings of the board were *ultra vires* and void. An issue should therefore have been submitted as to whether the action of the board, in making the

orders and carrying them out, was for the public benefit, and whether the lands condemned were for the public use; and upon that issue the court should have instructed the jury in the law as to what constitutes a public use." *Cobb v. R. R.,* 172 N. C., 58.

In *Hartsfield v. New Bern,* 186 N. C., 136 (142-3), we find: "The plaintiffs rely upon *Stratford v. Greensboro,* 124 N. C., 127, but as to that case it was said by *Hoke, J.,* in *Edwards v. Comrs.,* 170 N. C., 451, cited in *Allen v. Reidsville,* 178 N. C., 532: 'In that case there was specific allegation, with evidence tending to show that the action of the city authorities was in pursuance to a contract admittedly entered into with the individual defendant and making it according to plaintiff's evidence, not at all improbable that the measure complained of was in promotion of a personal and private scheme in favor of the individual defendant, and not in furtherance of the public interest.' In *Lee v. Waynesville,* 184 N. C., 565 (568), *Hoke, J.,* speaking for a unanimous court, and citing numerous cases expressly in point says: 'It is the accepted principle, declared and upheld in numerous decisions with us, that courts may not interfere in a given case with the exercise of discretionary powers, conferred on these local administrative boards for the public welfare, unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of their discretion.' " *Yarborough v. Park Com.,* 196 N. C., 284 (292).

In Public Laws of 1931, ch. 145, sec. 13, is the following: "The board of county commissioners of any county may, when in the opinion of said board the best interests of the people of said county or of any particular community thereof will be subserved thereby, petition the State Highway Commission to change or abandon any road in the county road system or *to add thereto any new road.* Said petition shall be filed with the chairman of the State Highway Commission, who shall personally or by his duly constituted deputy, after conference with the board of county commissioners of said county, make diligent inquiry into and study of the proposed change, abandonment, or addition, and if in his opinion the public interest demands the same, such change, abandonment, or addition shall be made." In the construction of the section above, see limitations set out in *Davis v. Alexander,* 202 N. C., 130. *In re Petition of Edwards,* 206 N. C., 549 (551); *Grady et al. v. Grady, post,* 749.

The question as to what is a public purpose is not always clear or well defined. On the present record we see no sufficient evidence to base an issue of fact that the present road taken over is for private purposes. The road in controversy, known as the "Reed Road," will furnish a public outlet for five homes from the top of the mountain to the county seat of Columbus; then again, it will be a part of a through scenic high-

way. In the petition of the Board of Commissioners of Polk County is the following: "In the opinion of this board the best interests of the people of Polk County and of the particular communities which include the towns of Tryon and Columbus, and that portion of White Oak Township situated upon the upper levels of White Oak and Tryon Mountains and the broad plateau which crowns said mountains, and the connecting ridges, will be subserved by the addition to the County Road System of Polk County heretofore established and defined by the State Highway Commission conformably to the provisions of chapter 145 of the Public Laws of 1931, of another and new road, namely, to be composed of the following separate but connecting roads, to wit: That certain road commonly known as the Reed Road," etc.

It is a matter of common knowledge, shall we term it, "the tourist industry" is now in the mountain sections of this State one of its most valuable assets to the people of that section. These scenic roads do much to encourage tourists to come into this "land of the sky," locate and spend the summer, and put into circulation money which is of great benefit to the people. In taking over a road to be a part of the highway system, this purpose can be considered on the aspect of the road being taken over for a public and not a private purpose. These beautiful mountain views ought not to be shut off from the public by selfish persons or interests. It goes without saying that private property cannot be taken for public purposes without just compensation.

In *Shute v. Monroe*, 187 N. C., 676 (683), is the following: "The Anglo-Saxon holds no material thing dearer than the ownership of land; his home is termed his 'castle.' Although there is nothing in the Constitution of North Carolina that expressly prohibits the taking of private property for public use without compensation (the clause in the United States Constitution to that effect applies only to act by the United States and not to government of the State), yet the principle is so grounded in natural equity and justice that it is a part of the fundamental law of this State that private property cannot be taken for public use without just compensation. *Johnston v. Rankin,* 70 N. C., 555." *MacRae v. Fayetteville,* 198 N. C., 51 (54).

N. C. Code, 1935 (Michie), sec. 3846 (bb), provides a remedy for plaintiff against defendant for damages, "just compensation," for taking plaintiff's land: *"Provided,* that all actions for damages for rights of way or other causes shall be commenced within six months from the completion of each particular project."

In *McKinney v. N. C. Highway Com.,* 192 N. C., 670 (671), we find: "In *Latham v. Highway Commission,* 191 N. C., 141, speaking to the question, it was said that 'where a State agency, like the State Highway Commission, is created for certain designated purposes, and a statutory

method of procedure provided for adjusting or litigating claims against such agency, the remedy set out in the statute is exclusive and may alone be pursued,' citing a number of authorities for the position. The only remedy afforded the plaintiff, and others similarly situated, by express provisions of the statute (3 C. S., 3846 [bb], and C. S., 1716) is a special proceeding in condemnation under chapter 33 of the Consolidated Statutes. This remedy is equally available to the owner of the land and the State Highway Commission."

N. C. Code, 1935 (Michie), sec. 1715, proceedings when parties cannot agree. Section 1716, in part: "For the purpose of acquiring such title the corporation, or *the owner,* of the land sought to be condemned, may present a petition to the clerk of the Superior Court of the county in which the real estate described in the petition is situated, praying for the appointment of commissioners of appraisal," etc. *Long v. City of Randleman,* 199 N. C., 344.

Wisdom or impolicy of legislation is not judicial question, *Sidney Spitzer & Co. v. Comrs. of Franklin County,* 188 N. C., 30. Policy of legislation for the people, not courts. *Bond v. Town of Tarboro,* 193 N. C., 248. Courts do not say what law ought to be, but only declare what it is. *S. v. Revis,* 193 N. C., 192.

In the judgment of the court below is the following: "That the incorporation of the said road into the public road system of the State is in furtherance of the public interest, and that there has been no abuse of the discretion on the part of the said Commission."

On the record, we think the above finding of the court below correct. For the reasons given, the judgment of the court below is

Affirmed.