STATE HIGHWAY AND PUBLIC WORKS COMMISSION v. C. B. BASKET ET AL.

(Filed 13 October, 1937.)

**Eminent Domain § 6—Highway Commission may condemn top soil for road construction.**

The State Highway and Public Works Commission is authorized by ch. 2, sec. 22, Public Laws of 1921 (N. C. Code, 3846 [bb]) to acquire by condemnation top soil deemed necessary and suitable for road construction, "top soil" being included in the generic term "earth," and its power to acquire top soil is not limited to lands contiguous to the highway upon which it is to be used.

CONNOR, J., dissenting.

THIS was a condemnation proceeding, instituted in VANCE Superior Court and heard by *Parker, J.,* at Chambers, on 10 July, 1937, in HALIFAX. Affirmed.

*Charles Ross for petitioner, appellee.*
*J. H. Bridgers and Jasper B. Hicks for respondents, appellants.*

SCHENCK, J. On 3 July, 1937, the petitioner procured from Harris, J., an order temporarily restraining the respondents from interfering with its taking top soil from the lands of the respondents with which to construct a public highway, and on 5 July, 1937, the respondents procured from Parker, J., an order temporarily restraining the petitioner from taking top soil from their lands for the purpose of constructing a public highway. Both orders were returnable to Parker,

Resident Judge, who, after holding a joint hearing thereon, dissolved the order procured by the respondents and continued in effect the order procured by the petitioner, and directed "that this cause be retained on the special proceeding docket for the purpose of determining the amount of compensation which the defendants may be entitled to." From this ruling the respondents appealed, assigning errors.

The proceeding of the petitioner was instituted under section 22 of chapter 2 of the Public Laws of 1921 (being sec. 3846 [bb], N. C. Code of 1935, Michie), creating the State Highway Commission, and containing this specific grant of power: "The State Highway Commission is vested with the power to acquire such rights of way and title to such land, gravel, gravel beds or bars, sand, sand beds or bars, rock, stone, boulders, quarries, or quarry beds, lime, or other earth or mineral deposits or formations, and such standing timber as it may deem necessary and suitable for road constructions, maintenance, and repair, and the necessary approaches and ways through, and a sufficient amount of land surrounding and adjacent thereto, as it may determine to enable it to properly prosecute the work, either by purchase, donation, or condemnation, in the manner hereinafter set out: . . ."

It is the contention of the respondents, first, that the statute does not vest in the petitioner the power to acquire top soil, deemed necessary and suitable for road construction, and, second, even if the statute does vest the power to acquire top soil, that it does not vest such power to acquire top soil from lands not contiguous to the highway upon the construction of which such soil is to be used.

We are of the opinion, and so hold, that neither of these contentions can be sustained.

The statute uses the word "earth," which, as used, is a generic term and includes top soil, a species of earth. *Hoke, J.,* in *Jennings v. Highway Commission,* 183 N. C., 68, in interpreting this statute, says: "And in chapter 2, section 22, they have also given defendant board the right to acquire material, gravel beds, sand bars, rocks, or other soil, mineral deposits, etc., necessary and suitable for the construction and maintenance of such roads. . . ."

There is nothing in the statute that limits the taking of the earth deemed necessary and suitable for road construction, maintenance, and repair to lands contiguous to the highway upon which it is to be used.

The judgment of the Superior Court is

Affirmed.

CONNOR, J., dissenting: It is provided by statute that "The State Highway Commission is vested with power to acquire such rights of way and title to such lands, gravel, gravel beds or bars, sand, sand beds or

bars, rock, stone, boulders, quarries, or quarry beds, lime or other earth, or mineral deposits or formations, and such standing timber as it may deem necessary and suitable for road construction, maintenance, and repair, and the necessary approaches and ways through, and a sufficient amount of land surrounding and adjacent thereto, as it may determine, to enable it to properly prosecute the work, either by purchase, donation, or condemnation in the manner hereinafter set out." N. C. Code of 1935, sec. 3846 (bb).

This statute, which authorizes the State Highway Commission, as an agency for the State, to take private property for public use, by the exercise of the power of eminent domain, should be construed strictly. The words "and other earth," used in the statute, should be construed in accordance with the doctrine of *ejusdem generis,* which is fully discussed in 59 C. J., at page 981.

Thus construed, the words do not, in my opinion, include "top soil," which is valuable for growing crops. I cannot think that it was the intention of the General Assembly that the State Highway Commission should have the power under the statute to enter upon cultivated land and to remove therefrom the "top soil" to be used in the construction of a highway at last three miles distant from the land.

I think there is error in the judgment for which it should be reversed.