EDWARD D. MOORE AND WIFE, FARA LEE MOORE, v. J. W. CLARK, SR., J. W. CLARK, JR., D. C. CLARK, AND A. L. MILLER, TRADING AS CLARK CONSTRUCTION COMPANY (ORIGINAL DEFENDANTS), AND STATE HIGHWAY AND PUBLIC WORKS COMMISSION (ADDITIONAL DEFENDANT).

(Filed 9 April, 1952.)

**1. Highways § 8d—**

The State Highway and Public Works Commission is an agency of the State and is subject to suit only in the manner prescribed by G.S. 136-19, and in the exercise of its governmental functions in the supervision of construction and maintenance of State and county public roads may not be restrained or sued in tort for trespass. G.S. 136-1, G.S. 136-18, G.S. 136-51.

**2. Highways § 8b: Eminent Domain § 6—**

The State Highway and Public Works Commission has the power to take private property for public highway purposes under the power of eminent domain. G.S. 136-19.

**3. Eminent Domain §§ 14, 21½—**

The State Highway and Public Works Commission may condemn property for highway purposes upon the payment of just compensation or may seize property for highway purposes, in which event the owner, in the absence of agreement as to the amount of compensation, may bring a proceeding in condemnation for compensation. G.S. 136-19.

**4. Highways § 4c—**

A highway contractor cannot be held liable by the owner of land for damages to the land resulting from the construction of a highway in strict compliance with his contract with the State Highway and Public Works Commission, but he may be held liable for damages to the land resulting from negligence in the manner in which he performs the contract. In neither event is the contractor entitled to have the State Highway and Public Works Commission joined as a party defendant, since if the work is done in strict compliance with the contract the owner's sole remedy is

a proceeding for compensation under G.S. 136-19, and if the damages are the result of negligence, the contractor has no right against the State Highway and Public Works Commission for contribution or indemnity.

**5. Parties § 10c—**

The provisions of G.S. 1-73 do not authorize the court to bring in a party who cannot be held liable by either plaintiff or defendant upon the action as constituted.

**6. Same—**

A cause of action must stand or fall in accordance with the theory of liability set up in the complaint, and the original defendants are not entitled to the joinder of an additional party defendant upon allegations seeking to set up an entirely new theory of liability in substitution for that alleged in the complaint.

APPEAL by original defendants, J. W. Clark, Sr., J. W. Clark, Jr., D. C. Clark, and A. L. Miller, trading as Clark Construction Company, from *Sharp, Special Judge,* at January Term, 1952, of PITT.

Civil action for tortious injury allegedly done to plaintiffs' farm by original defendants heard on demurrer of the State Highway and Public Works Commission, which was brought in by impleader as a third-party defendant at the instance of the original defendants.

These are the facts in chronological order:

1. The plaintiffs brought this action against the original defendants only.

2. The complaint makes out the case stated in this paragraph. The plaintiffs own a farm on Swift Creek in Pitt County, which was adapted to growing crops and pasturing cattle "prior to the unlawful, wrongful, and tortious acts of the (original) defendants." During 1950, the original defendants, who acted "wrongfully and unlawfully and without permission of plaintiffs and contrary to plaintiffs' express instructions," entered on the plaintiffs' farm; filled up virtually all existing ditches, which were ample to drain all surface waters flowing on the farm; dug new ditches on the farm for the avowed purpose of discharging all surface waters originating on all lands in the neighborhood into Swift Creek; and connected the new ditches with "other drainage systems on lands not belonging to the plaintiffs" and not having any natural drainage onto the plaintiffs' farm. As the inevitable result of these acts, vast quantities of surface waters, which would not have reached the premises of the plaintiffs if the natural drainage conditions had not been disturbed by the original defendants, have been diverted from their wonted course into the new ditches on the plaintiffs' farm, where they have united with the surface waters naturally flowing on the farm and have overflowed and flooded the plaintiffs' fields and pastures, inflicting upon the farm and crops specified damages totaling $4,750.00. The plaintiffs pray for a

recovery of such damages from the original defendants, and for a mandatory injunction "requiring the (original) defendants to reconstruct all of such work to the end" that the plaintiffs' farm may be spared irreparable injury in the future.

3. The original defendants answered, denying the material averments of the complaint and alleging this new matter "by way of affirmative defense": That the original defendants are road and drainage contractors; that as such they were employed by the State Highway and Public Works Commission to do the work mentioned in the complaint as a part of the improvement of certain public highways; that they performed the work in strict conformity with the plans of the State Highway and Public Works Commission and under the direction of its highway engineers; that if the work injured the plaintiffs' farm, such injury constituted in law a taking of plaintiffs' property for public use by the State Highway and Public Works Commission in the exercise of the power of eminent domain vested in it by law, and in consequence liability for the injury rests upon the State Highway and Public Works Commission and not the original defendants; and "that by reason of the matters and things herein alleged, the State Highway and Public Works Commission is a necessary and material party to this action." The original defendants prayed for general relief and an order making the State Highway and Public Works Commission a party defendant.

4. On motion of the original defendants, an order was entered in the cause making the State Highway and Public Works Commission a party defendant and providing for service of process on it.

5. When such process was served, the State Highway and Public Works Commission demurred in writing to both the complaint and the answer on the ground that this is an action to recover damages for a past tort or trespass and to prevent a future tort or trespass, and that the State Highway and Public Works Commission is an unincorporated governmental agency of the State of North Carolina not subject to being sued in such action.

6. Judge Sharp entered a judgment sustaining the demurrer, and the original defendants appealed, assigning such ruling as error.

*Albion Dunn for the original defendants, appellants.*

*R. Brookes Peters, General Counsel for the State Highway and Public Works Commission.*

ERVIN, J. These propositions are well settled:

1. The State Highway and Public Works Commission is a State agency or instrumentality, and as such exercises various governmental functions, including that of supervising the construction and maintenance of state

and county public roads. G.S. 136-1, 136-18, and 136-51. In consequence, it is not subject to suit except in the manner provided by statute. G.S. 136-19; *Schloss v. Highway Commission,* 230 N.C. 489, 53 S.E. 2d 517; *Dalton v. Highway Com.,* 223 N.C. 406, 27 S.E. 2d 1. Hence, it cannot be sued for tort (*Pickett v. R. R.,* 200 N.C. 750, 158 S.E. 398; *Carpenter v. R. R.,* 184 N.C. 400, 114 S.E. 693), or trespass, even though the trespass allegedly occurs in the building of a public highway. *McKinney v. Highway Commission,* 192 N.C. 670, 135 S.E. 772; *Davis v. Highway Commission,* 191 N.C. 146, 131 S.E. 387; *Latham v. Highway Commission,* 191 N.C. 141, 131 S.E. 385. Moreover, an action does not lie against it to enjoin the exercise of its governmental powers (*Jennings v. Highway Com.,* 183 N.C. 68, 110 S.E. 583), or to restrain the commission of an apprehended tort. *Schloss v. Highway Commission, supra.*

2. The State Highway and Public Works Commission possesses the sovereign power of eminent domain, and by reason thereof can take private property for public use for highway purposes. G.S. 136-19; *Highway Com. v. Basket,* 212 N.C. 221, 193 S.E. 16. The Commission may do this either by bringing a special proceeding against the owner for the condemnation of the property under G.S. 136-19, or by actually seizing the property and appropriating it to public use. *Jennings v. Highway Com., supra.* When the State Highway and Public Works Commission takes private property for public use for highway purposes, the owner is entitled to receive just compensation from it for the property taken. *Proctor v. Highway Commission,* 230 N.C. 687, 55 S.E. 2d 479; *Lewis v. Highway & Public Works Com.,* 228 N.C. 618, 46 S.E. 2d 705; *Yancey v. Highway Commission,* 222 N.C. 106, 22 S.E. 2d 256; *Reed v. Highway Com.,* 209 N.C. 648, 184 S.E. 513; *Milling Co. v. Highway Commission,* 190 N.C. 692, 130 S.E. 724. If the State Highway and Public Works Commission and the owner are unable to agree upon the compensation justly accruing to the latter from the taking of his property by the former, the owner must seek such compensation in the only mode appointed by law for the purpose, *i.e.,* by a special proceeding in condemnation under G.S. 136-19. *Proctor v. Highway Commission, supra; Schloss v. Highway Commission, supra; Dalton v. Highway Com., supra; McKinney v. Highway Commission, supra; Latham v. Highway Commission, supra.* The owner is at liberty to bring such proceeding against the Commission in case the latter takes his property merely by seizing it and appropriating it to public use for highway purposes. *Proctor v. Highway Commission, supra; McKinney v. Highway Commission, supra.*

3. A contractor who is employed by the State Highway and Public Works Commission to do work incidental to the construction or maintenance of a public highway and who performs such work with proper care and skill cannot be held liable to an owner for damages resulting to prop-

erty from the performance of the work. The injury to the property in such a case constitutes a taking of the property for public use for highway purposes, and the only remedy available to the owner is a special proceeding against the State Highway and Public Works Commission under G.S. 136-19 to recover compensation for the property taken or damaged. *Yearsley v. W. A. Ross Const. Co.,* 309 U.S. 18, 60 S. Ct. 413, 84 L. Ed. 554; *Burt v. Henderson,* 152 Ark. 547, 238 S.W. 626; *Marin Municipal Water Dist. v. Peninsula Paving Co.,* 34 Cal. App. 2d 647, 94 P. 2d 404; *Maezes v. City of Chicago,* 316 Ill. App. 464, 45 N.E. 2d 521; *Moraski v. T. A. Gillespie Co.,* 239 Mass. 44, 131 N.E. 441; *Garrett v. Jones,* 200 Okl. 696, 200 P. 2d 402; *Svrcek v. Hahn* (Tex. Civ. App.), 103 S.W. 2d 840; *Panhandle Const. Co. v. Shireman* (Tex. Civ. App.), 80 S.W. 2d 461. But if the contractor employed by the State Highway and Public Works Commission performs his work in a negligent manner and thereby proximately injures the property of another, he is personally liable to the owner therefor. *Broadhurst v. Blythe Brothers Co.,* 220 N.C. 464, 17 S.E. 2d 646; *Burl v. Henderson, supra; Moraski v. T. A. Gillespie Co., supra.* See, also, in this connection: 63 C.J.S., Municipal Corporations, section 1259 (d).

These things being true, the State Highway and Public Works Commission cannot be required to make recompense in any way in an ordinary civil action for an injury to property, no matter what the source of the injury may be. Consequently, the demurrer was properly sustained.

While the question is not presented by the appeal, we deem it advisable to observe, in closing, that the order making the State Highway and Public Works Commission a party defendant was inadvertently entered notwithstanding the broad provisions of G.S. 1-73 authorizing the court to bring in new parties when a complete determination of a pending action cannot be made without their presence.

If the plaintiffs are to succeed at all, they must do so on the case set up in their complaint. *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470; *Simms v. Sampson,* 221 N.C. 379, 20 S.E. 2d 554; *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14, 139 A.L.R. 1147; *Rose v. Patterson,* 220 N.C. 60, 16 S.E. 2d 458. That pleading states a cause of action against the original defendants for trespass. The answer pleads matters in justification, *i.e.,* that the defendants acted in behalf of the State Highway and Public Works Commission, which was taking the plaintiffs' property for public use in the lawful exercise of its right of eminent domain. The answer undoubtedly sets forth a valid defense to the cause of action pleaded by the plaintiffs. 63 C.J.S., Trespass, section 166. But it does not disclose any basis for obtaining any affirmative relief against the State Highway and Public Works Commission. The original defendants will not have any right of action over against the State Highway and

Public Works Commission for contribution or indemnity in case judgment is rendered against them for trespassing on the plaintiffs' farm.

The judgment sustaining the demurrer is

Affirmed.