LYNN BOND AND WIFE, RUTH BOND, v. TOWN OF TARBORO.

(Filed 23 February, 1927.)

**1. Constitutional Law—Exemptions—"Homes"—Mortgages.**

Art. V, sec. 3, of the State Constitution relieving from taxation a mortgage on a home given in good faith, to build, repair or purchase a home when the loan so secured does not exceed eight thousand dollars, applies to taxation by cities and towns.

**2. Same—Injunction.**

> The imposition of an unconstitutional tax upon money borrowed to repair or build a "home," may be contested either by first paying the tax under protest and action to recover it, or by injunction otherwise against its collection. C. S., 858, 7979.

APPEAL by defendant from *Barnhill, J.,* at December Term, 1926, of EDGECOMBE. Affirmed.

The necessary facts will be stated in the opinion.

*Gilliam & Bond for plaintiff.*
*George M. Fountain for defendant.*

CLARKSON, J. As tenants by the entireties, the plaintiffs own a home in the town of Tarboro, in which they reside. Said home is appraised for county and city taxation purposes at the value of $6,500. Plaintiffs, in good faith and for the purpose of building said home, executed sundry notes to various persons, in the aggregate sum of $8,000. Said notes are secured by a deed of trust on the home. The notes are owned by citizens of Edgecombe County, who are not citizens of Tarboro, and hence the notes are listed for county taxation, but not for city taxation. The county has given to both the owners of the notes and the plaintiffs a tax exemption of 50 per cent of the value of said notes. The plaintiffs contend that the city is also required to give them a like exemption. The city contends that it is not required to so do. We think the city is required to give the exemption.

The plaintiffs paid the tax under protest, and in the time allowed by and in compliance with the statute brought this action claiming that the tax levied or assessed was invalid. C. S., 7979. *Carstarphen v. Plymouth,* 186 N. C., 90.

In *Purnell v. Page,* 133 N. C., p. 129, *Clark, C. J.,* said: "Whether the plaintiff can maintain an injunction against the sale of his property under an illegal tax, or must pay the tax under protest and sue to recover it back, it is equally well settled that he can pursue either remedy," citing cases. C. S., 858; *R. R. v. Comrs.,* 188 N. C., p. 265.

Article V, sec. 3, of Const. of N. C., in part, is as follows: "Laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise; and, also, all real and personal property, according to its true value in money: *Provided,* notes, mortgages, and all other evidences of indebtedness, or any renewal thereof, given in good faith to build, repair, or purchase a home, when said loan does not exceed eight thousand dollars ($8,000), and said notes and mortgages and other evidences of indebtedness, or any renewal thereof, shall be made to run for not less than one nor more than thirty-three years, shall be exempt from taxation of every kind for fifty per cent of

the value of the notes and mortgages: *Provided,* the holder of said note or notes must reside in the county where the land lies, and there listed for taxation: *Provided further,* that when said notes and mortgages are held and taxed in the county where the home is situated, then the owner of the home *shall be exempt from taxation of every kind for fifty per cent of the value of said notes and mortgages.* The word 'home' is defined to mean lands, whether consisting of a building lot or larger tract, together with all the buildings and outbuildings which the owner in good faith intends to use as a dwelling-place for himself or herself, which shall be conclusively established by the actual use and occupancy of such premises as a dwelling-place of the purchaser or owner for a period of three months," etc. The Legislature has passed an act, in the exact language of the constitutional provision, to put into force that part of the Constitution creating this exemption. Chapter 108, Public Laws of 1925. "Exempt from taxation of every kind" includes municipal taxation. The meaning of the language is too clear for discussion. The policy is not for us, but the people of the State. In discussing the principle of inheritance tax, *In re Davis,* 190 N. C., p. 359, it is said: "Appellants in their brief say that this provision has been held for 50 years to require all taxes levied upon property to be upon a uniform rule. This principle is sound. It is a wholesome provision—there should be no discrimination in taxation. All classes should be taxed alike; there should be no favorites; but equality and uniformity. Equal rights to all, special privileges to none. These are fundamental principles of all stable government. The only exemption from the uniform rule in the above article was that in regard to homes, submitted to the people under Public Laws of N. C., 1923, ch. 240, and adopted at the 1924 fall election. This was to encourage home owning, to make government more enduring by helping to create a land of home owners. The home is the foundation of our civilization. It is the slogan of the American Building and Loan Association: 'The American home is the safeguard of American liberties.'"

From time immemorial the home has ever been the subject of protection. In the famous *Semayne case* (5 Coke, 91 (1605), is the chief authority for the popular legal maxim which says that "every man's house is his castle."

The Const., Art. X, sec. 2, provides that every homestead, or any lot in a city, town, or village, and the dwelling and buildings used thereon, not exceeding in value $1,000, owned and occupied by any resident of this State, shall be exempt from sale under execution for debt. After the death of the owner, this exemption extends to the minority of the children, and for the benefit of the widow during her widowhood.

The purpose of the recent amendment was twofold: first, to encourage the investment of moneys in the building of homes, and, secondly, to enable the prospective home owner to obtain moneys on favorable terms, and to escape a portion of taxes, until the money was repaid. It creates an exemption in favor of the home owner as well as the note holder. In encouraging the ownership of homes within the State, counties and towns, it will more than likely offset any temporary decrease in taxable values. In fact, it will encourage building homes on vacant property, and thus increase taxable values. The purpose of the amendment was laudable and praiseworthy.

We think the judgment in the court below correct, and it is hereby Affirmed.