This is a special proceeding brought by petitioner, instituted before the clerk of the Superior Court of Wake County, N.C. by plaintiff, a municipal corporation, against the defendants, T. E. Hatcher and wife, Mabel Stone Hatcher, who own in fee simple title to certain lots in the city of Raleigh, N.C. and others who have an interest in the same, to condemn said lots for street purposes.
The defendants filed answers. In the answer of T. E. Hatcher and Mabel Stone Hatcher is the following: "Answering paragraph 10, these defendants admit that the plaintiff is unable to acquire title to the property of these defendants without resorting to condemnation proceedings. It is denied that these defendants are unwilling to sell their property to the plaintiff, provided plaintiff pays to these defendants its present fair value. . . . That the plaintiff, the city of Raleigh, has been unable to acquire title to the property of these defendants for the sole reason that it is unwilling to pay the defendants its present fair value. Wherefore, having fully answered petition filed herein, these defendants pray the Court in the event condemnation of their property is ordered that they be paid its present value and that the costs in this action be taxed against the plaintiff."
John Norwood and American Oil Company in their answer say, in part: "That these defendants do not have sufficient knowledge or information to form a belief as to the allegations of paragraph 7 of the *Page 615 
complaint, and, therefore, deny the same; and in this connection the defendants allege that, as affirmatively appears from the resolution, Exhibits A and B, and from the allegations of paragraph 7 itself, the plaintiff is seeking to condemn certain property not for its own purposes but for those of the State Highway Commission, and that, therefore, the plaintiff does not have a right to proceed under C. S., 2791; and that, furthermore, even if the plaintiff would have a right to proceed, it affirmatively appears from the complaint that the plaintiff has failed to follow the provisions of law relating to condemnation. . . . That the defendant, John Norwood, is the agent of American Oil Company in Wake County and that said station has a value to this defendant, over and above the profits made thereat, since the station is well located and is an advertisement and a creator of good will for other business of this defendant in Wake County; that by reason of the facts hereinabove set forth, the interest of this defendant in said property (even leaving out of account the good will and advertising value) has a present market value of at least the sum of $6,000.00, and that the value of this defendant's interest to this defendant himself (because of the advertising and good will value) is at least the sum of $8,000.00. . . . Wherefore, these defendants pray: 1. That this proceeding be dismissed at the cost of plaintiff. 2. That if the proceeding be not dismissed, the plaintiff be required to pay the defendant, John Norwood, the value of his interest in the property described in paragraph 3 of the complaint. 3. That the interest of the defendant, John Norwood, in said property be fixed at at least the sum of $6,000.00, and that the defendant, John Norwood, recover said amount from plaintiff. 4. That, if the defendant, John Norwood, be not permitted to recover from the plaintiff, then said defendant, John Norwood, recover from the defendants, T. E. Hatcher and wife, Mabel Stone Hatcher, the sum of $8,000.00, and that said recovery be a lien upon such compensation as the city may be required to pay for said property." For an understanding of the case the answers need not be set forth in full.
The petitioner presented an Order to Condemn said land before the clerk of the Superior Court of Wake County, N.C. who refused to sign same, whereupon the petitioner excepted and appealed to the Superior Court.
The order of the court below is as follows: "This cause coming on to be heard and having been heard on appeal from the Clerk of the Superior Court before His Honor, C. E. Thompson, Judge Presiding, and it appearing to the Court that the respondents and all of them having filed answers, and that the respondents, John Norwood and American Oil Company, demurred to the petitioner's petition as fully set out in the seventh paragraph of their Answer; that the respondents, T. E. Hatcher and Mabel Stone Hatcher, by and through their attorney, demurred *Page 616 ore tenus at the hearing on the ground that the petition filed did not state a cause of action; and the Court being of the opinion that the petition filed herein states a cause of action: Now, Therefore, It is Ordered, Adjudged and Decreed that the demurrer of the respondents be, and the same is hereby overruled and dismissed; and It is Further Ordered that said proceedings be remanded to the Clerk of the Superior Court, and that he be, and he is hereby ordered to proceed therewith as provided by law. This 25th day of September, 1941. C. E. Thompson, Judge Presiding."
To the foregoing order overruling demurrers of the respondents and remanding the cause to the clerk of the Superior Court, the respondents, T. E. Hatcher and wife, Mabel Stone Hatcher, John Norwood and American Oil Company, excepted, assigned error and appealed to the Supreme Court. The other material matters will be set forth in the opinion.
The question involved: Did his Honor err in overruling respondents' demurrers ore tenus to petitioner's petition for failure to state a cause of action? We think not.
N.C. Code, 1939 (Michie), sec. 511, is as follows: "The defendant may demur to the complaint when it appears upon the face thereof, either that: . . . (6) The complaint does not state facts sufficient to constitute a cause of action."
Section 518: "If objection is not taken either by demurrer or answer the defendant waives the same, except the objections to the jurisdiction of the court and that the complaint does not state facts sufficient to constitute a cause of action."
As to the two exceptions mentioned in this section there can be no waiver, and objections may be made at any time. Johnson v. Finch,93 N.C. 205 (208); Halstead v. Mullen, 93 N.C. 252 (255); Gurganus v.McLawhorn, 212 N.C. 397. The want of jurisdiction and the failure of the complaint to state facts sufficient to constitute a cause of action cannot be waived and may be taken advantage of at any time even in the Supreme Court. This can be done by demurrer, in writing or ore tenus. Tucker v.Baker, 86 N.C. 1; Clements v. Rogers, 91 N.C. 63 (64); Hunter v.Yarborough, 92 N.C. 68 (70); Knowles v. R. R., 102 N.C. 59 (62).
The petitioner contends that respondents demur solely "Upon the ground that it affirmatively appears upon the face of the petition that *Page 617 
the State Highway Commission and not the City of Raleigh is the proper plaintiff, for that the plaintiff in paragraph No. 7 of its Petition deems it necessary `to widen U.S. Highway #64 to the City Limits of Raleigh from the junction of Tarboro Street and U.S. Highway #64 to the City Limits,' and nowhere in petitioner's petition does it allege that it brings this condemnation proceeding to widen a street; and respondents further demur on the grounds that the City Ordinance or Resolution, adopted October 9, 1940, made `Exhibit A' of petitioner's petition, nowhere sets out that U.S. Highway #64 is a Street in the City of Raleigh, and the City has no right to widen an United States Highway or State Highway under the power of Eminent Domain."
The petition sets forth: "7. That pursuant to the powers granted municipalities, Public Laws of 1917, Chapter 136, Sub-Chapter 4, Sec. 1 (C. S., Sec. 2791), corporate plaintiff deeming it necessary and for the best interest of the public to widen U.S. Highway No. 64 within the City limits of Raleigh from the junction of Tarboro Street and U.S. Highway No. 64 to the city limits by securing and dedicating the right of way necessary for such widening, duly and in good faith enacted and adopted an Ordinance for said purpose on October 9, 1940, a copy of which ordinance is hereto attached, marked Exhibit A, and made a part of this complaint as if set out in full; and that said ordinance authorized and directed the Mayor and City Clerk to execute on the part of the City such agreements as are necessary to carry out the intent and purpose of said ordinance, a copy of said ordinance being hereto attached and marked Exhibit B."
The ordinance sets forth, in part: "Whereas, that part of said highway which now enters the limits of the city is narrow and congested, and is considered unsafe and hazardous for the traffic at the present time, and will, when said additional roadway is constructed, be totally inadequate to serve the increased traffic, and Whereas, the said State Highway and Public Works Commission has indicated its willingness to continue the widening and construction of said highway within the city limits, from the city limits to the junction of the Poole Road and U.S. Highway No. 64, provided the City will furnish a right of way; now, therefore, Be It Resolved By theBoard of Commissioners of the City of Raleigh: 1. That the City will, in consideration of the construction and widening of U.S. Highway No. 64 by the State Highway and Public Works Commission, secure and dedicate the right of a necessary to comply with plans to be approved by the State Highway and Public Works Commission, within the limits of the city, from the junction of Tarboro St. and U.S. Highway No. 64 to the city Limits, the said right of way to be secure and dedicate the authority given by Section 2791 of the Consolidated Statutes, and Article V, Section 1, *Page 618 
Sub-sections (1) (z) and Article XV, Section 1 of the City charter. 2. That the securing and dedication of said right of way as herein provided for be, and the same is hereby declared to be a public purpose, and for the best interest of the City of Raleigh."
The ordinance passed on 9 October, 1940, sets forth, in part: "Whereas, the City has attempted to negotiate with other owners of property within the area to be secured for said right of way, and has made offers for said property which the City deems reasonable and proper, which offers have been refused by the said property owners," etc.
N.C. Code, supra, sec. 2791, is as follows: "When in the opinion of the governing body of any city, or other board, commission, or department of the government of such city having and exercising or desiring to have and exercise the management and control of the streets, water, electric light, power, gas, sewerage or drainage systems, or other public utilities, parks, playgrounds, cemeteries, wharves, or markets, open-air or enclosed, which are or may by law be owned and operated or hereafter acquired by such city or by a separate association, corporation, or other organization on behalf and for the benefit of such city, any land, right of way, water right, privilege, or easement, either within or outside the city, shall be necessary for the purpose of opening, establishing, building, widening, extending, enlarging, maintaining, or operating any such streets, parks, playgrounds, cemetery, water, electric light, power, gas, sewerage or drainage systems, wharves, or other public utility so owned, operated, and maintained by or on behalf of any such city, such governing body, board, commission, or department of government of such city may purchase such land, right of way, water right, privilege, or easement from the owner or owners thereof and pay such compensation therefor as may be agreed upon."
Section 2792: "If such governing body, board, commission or department of the government of such city are unable to agree with the owners thereof for the purchase of such land, right of way, privilege, or easement, for the purposes mentioned in the preceding section, or for a site for city hall purposes, condemnation of the same for such public use may be made in the same manner and under the same procedure as is provided in chapter Eminent Domain, article 2; and the determination of the governing body, board, commission, or department of government of such city of the land necessary for such purpose shall be conclusive."
Section 2792 (a): "It is the intention of this law that the powers herein granted to cities for the purpose of improving their streets and improving their drainage and sewer conditions shall be in addition and supplementary to those powers granted in their charter, and in any case in which the provisions of this law are in conflict with the provisions of any local statute or charter, then the governing body of any such *Page 619 
municipality may in its discretion proceed in accordance with the provisions of such local statute or charter, or, as an alternative method of procedure, in accordance with the provisions of this law."
Section 3846 (ff): "When any portion of the state highway system shall run through any city or town and it shall be found necessary to connect the state highway system with improved streets of such city or town as may be designated as part of such system, the state highway commission shall build such connecting links, the same to be uniform in dimensions and materials with such state highway; Provided, however, that whenever any city or town may desire to widen its streets which may be traversed by the state highway, the state highway commission may make such arrangements with said city or town in connection with the construction of said road as, in its discretion, may seem wise and just under all the facts and circumstances in connection therewith: Provided further, that such city or town shall save the state highway commission harmless from any claims for damage arising from the construction of said road through such city or town and including claims for right of way, change of grade line, and interference with public-service structures. And the state highway commission may require such city or town to cause to be laid all water, sewer, gas or other pipe lines or conduits, together with all necessary house or lot connections or services to the curb line of such road or street to be constructed," etc.
We think the petition of plaintiff sets forth the facts fully to entitle it to condemn the land in controversy. From the above statutes the city of Raleigh, N.C. had the power and authority to condemn this land, which is wholly within its limits, for a street. It was discretionary with it, and we see no abuse of this discretion. The fact that the State Highway and Public Works Commission has indicated a willingness to aid in the construction of the street within the city limits and relieve the city, is for its benefit and in no way abridges plaintiff's power and authority to condemn the land. In fact, section 3846 (ff), supra, gives the power and authority.
In Shute v. Monroe, 187 N.C. 676 (683), it is written: "The Anglo-Saxon holds no material thing dearer than the ownership of land; his home is termed his `castle.' Although there is nothing in the Constitution of North Carolina that expressly prohibits the taking of private property for public use without compensation (the clause in the United States Constitution to that effect applies only to acts by the United States and not to the government of the State), yet the principle is so grounded in natural equity and justice that it is a part of the fundamental law of this State that private property cannot be taken for public use without just compensation. Johnston v. Rankin, 70 N.C. 555. In the instant case the statute of the city of Monroe provides the *Page 620 
method, and this must ordinarily be followed. The Legislature has granted this power, and we can only follow the mandate in the manner and way set forth in the act. Long v. Rockingham, ante, 204." Reed v. Highway Com.,209 N.C. 648 (654); Ivester v. Winston-Salem, 215 N.C. 1 (5).
In the Reed case, supra, at p. 655, speaking to the subject, we find: "Wisdom or impolicy of legislation is not judicial question, Sidney Spitzer Co. v. Comrs. of Franklin County, 188 N.C. 30. Policy of legislation for the people, not courts. Bond v. Town of Tarboro, 193 N.C. 248. Courts do not say what law ought to be, but only declare what it is. S. v. Revis,193 N.C. 192."
Plaintiff had the power and authority to condemn this land for street purposes. The land is taken for a public purpose, therefore the city must pay "just compensation" to the owners. As the parties could not agree upon a price, defendants are entitled to a fair and impartial trial by jury, sometimes termed the Palladium of our civil right, to assess the "just compensation" to be paid.
For the reasons given, the judgment of the court below is
Affirmed.